March 15, 1888, W.M. Weaver instituted suit, No. 102, in the District Court of Runnels County, against H. Vandervanter. The suit was in the form of an action of trespass to try title to recover a tract or strip of 232 acres of land, a part of the R.M. Williamson survey No. 232, of 4605 acres, in Runnels County. This strip or tract of land was, in the petition in that suit, described by metes and bounds, which indicate that the Williamson and Alford surveys are contiguous, and that the latter survey lies east of the former.
A plea of not guilty was interposed by the defendant. On March 27, 1889, the cause was tried by the court, and judgment was rendered for the defendant. By this judgment, as entered in the minutes of the court, the boundary line between the Williamson survey, including the land claimed by the plaintiff, and the Alford survey claimed by the defendant, was established, and the title of the parties respectively in the land claimed by them was quieted.
The present suit is a proceeding in equity instituted in the same court, October 11, 1889, by the appellant, in the nature of a bill of review. Appellant seeks to annul the judgment referred to and to reopen the case, that, as he alleges, it may be tried upon its merits.
Appellee addressed to the petition a general demurrer, which the court sustained. Appellant declined to amend, and the cause was dismissed. Hence this appeal. *Page 693 
The sole question involved is the correctness of the court's ruling on the demurrer.
The petition is lengthy and verbose. We do not deem it necessary to its discussion that we insert it. One of the grounds alleged for the relief sought is, that the judgment complained of does not conform to the pleadings. If this be true, the judgment was plainly erroneous, because a judgment must be supported by proper averments. Hall v. Jackson,3 Tex. 305; Chrisman v. Miller, 15 Tex. 160
[15 Tex. 160]; Denison v. League, 16 Tex. 399
[16 Tex. 399]; Handel v. Elliott, 60 Tex. 145
[60 Tex. 145]; Boles v. Linthicum, 48 Tex. 221
[48 Tex. 221]. If the judgment was erroneous, we see no reason why the jurisdiction of the appellate court might not have been invoked to set it aside. The appellant alleges, that he was deprived of an appeal by the negligence of his attorney; but he urges no reason whatever for failing to resort to the cumulative remedy of the writ of error. The judgment was entered in March. This proceeding was begun in the succeeding October. There was ample time within which to prosecute a writ of error. Appellant could therefore have availed himself of an adequate remedy at law. By virtue of an elementary principle, he will not be permitted to maintain this suit in equity. 1 Pome. Eq., sec. 216. Again, the relief here sought will be granted only when the complainant has suffered from fraud, accident, or mistake, unmixed with negligence on his part. Harn v. Phelps, 65 Tex. 592
[65 Tex. 592]; Plummer v. Power, 29 Tex. 7.
The fraud relied upon in this case consists in the alleged facts, that as shown by the entry on the judge's docket the judgment rendered by the court in the cause No. 102 was simply a general judgment for the defendant; that the court requested the defendant's attorney to prepare the decree in accordance with the judgment; that the attorney, instead of preparing such a decree, fraudulently framed the decree complained of, and caused it to be entered by the clerk upon the minutes of the court. It was the duty of the judge to approve these minutes, and to know the contents of the orders and judgments thereon entered. It is presumed that he discharged his duty. There is no allegation in the petition that he was in any sense derelict. The surreptitious conduct of the attorney, therefore, could not have imposed upon the judge. The decree must be regarded as the deliberate act of the court. The conduct of the attorney, if fraudulent, must be regarded as ineffectually so, and thus as not the subject of legitimate complaint. It is difficult to read the petition of appellant and avoid the conclusion that the question actually determined by the court on the trial of the cause No. 102 involved the fixing of the boundary line between the Williamson and the Alford surveys. It does not follow that this issue could not have been determined because the suit was in the form of an action of trespass to try title. In such an action, "the question of true boundary may be as definitely settled as in any other form of procedure." *Page 694 
Nye v. Hawkins, 65 Tex. 600. It appears, indeed, from the allegations of the petition, that at the instance of the appellant, plaintiff in the cause referred to, evidence as to the true locality of the boundary was heard by the court. Thus complaint is made in the petition that one W.J. Miller, a witness for the plaintiff, though on the witness stand, did not testify about "the most material facts within his knowledge with reference to the true locality of the east boundary line" of the Williamson survey. This failure to testify (relied upon as a ground for setting the decree) is ascribed to the fact that the witness did not use a "certain large sketch" of surveys, which, though in his possession, he did not refer to, because an attorney (whose name and relation to the parties are not stated) had fraudulently informed him that he would not be permitted to use it.
In a case of this kind the strongest and closest reasons must be shown for the interposition of a court of equity. Nevins v. McKec, 61 Tex. 413. Reasons of this character are not found in the allegations of the appellant's petition. In fact, his bill appears to be wholly without equity.
The judgment should be affirmed.
Affirmed.
Adopted May 24, 1892. *Page 695 
 RULES FOR THE COURTS OF TEXAS. ORDER OF COURT.
SUPREME COURT OF TEXAS, IN SESSION AT AUSTIN, October 8, A.D. 1892.
It is ordered by the court, that the following Rules to regulate proceedings and expedite the dispatch of business in this court and the other courts to which they apply, made in exercise of the power conferred upon this court, be and the same are hereby adopted as rules and regulations for this court and said other courts; and that they go into effect and be observed from and after this date.
It is further ordered, that the Reporter of this court be requested to insert a copy of said rules in the eighty-fourth volume of Texas Reports, and that there also be published one thousand copies in pamphlet form.
 RULES FOR THE SUPREME COURT.
1. Applications for writs of error from this court to the several Courts of Civil Appeals shall consist of a petition addressed to the court and accompanying transcript certified under the hand and seal of office of the clerk of the Court of Civil Appeals. The petition, in addition to the requisites prescribed in the statute, shall show that the applicant has made a motion for a rehearing in the Court of Civil Appeals, presenting distinctly all the points upon which a writ of error is asked, and that the motion has been overruled. The transcript, in addition to the conclusions of fact and law and opinion of the Court of Civil Appeals and of the judgment rendered and bond given in the trial court as required by the statute, shall also contain a copy of the judgment of the Court of Civil Appeals, together with a copy of the motion for a rehearing filed therein, and of the order overruling the same. The application shall be deposited with the clerk of this court.
2. The clerk of this court shall receive all applications for writs of error, and file the petition and accompanying transcript from the Court of Civil Appeals, and enter the case upon a docket kept for that purpose, known as the application docket. But he shall not be required to take the same from the postoffice or an express office unless the postage or express charges, as the case may be, shall have been fully paid. The cases shall be numbered consecutively on the application docket and the number shall be placed upon the application. Upon filing the application the clerk shall immediately issue a notice under his hand *Page 696 
and seal of office to the clerk of the court from which the writ of error is sought, that the application has been filed. After the receipt of such notice the clerk of the latter court shall withhold the mandate until advised of the disposition of the case, in this court, by the proper process.
3. The application, when filed in accordance with law, shall be deemed submitted to the court and ready for disposition, unless the applicant shall file with his petition a request for time in which to present a brief or written argument, in which case a period of time not exceeding ten days may be allowed him for that purpose. The applicant, should he so elect, may cite his authorities in his petition or may file a separate brief or argument.
4. Upon a refusal by this court of an application for a writ of error, the clerk of this court shall transmit, with the least practicable delay, to the clerk of the Court of Civil Appeals to which the writ of error was sought to be sued out, a certified copy of the order of this court denying such application.
5. If the application be granted, the clerk shall issue a writ of error to the judges of the court, the judgment of which is sought to be revised, advising them that the writ of error has been granted and directing them to cause to be transmitted forthwith to this court the original transcript of the proceedings of the trial court, together with all briefs and arguments on file in the case; and the clerk shall also issue a citation to the defendant or defendants in error, or to his or their attorneys of record, notifying him or them that the writ of error has been granted, and of the date thereof, and to appear and defend the same. Said citation shall be returnable in ten days, and in the event it be not served the clerk shall issue other successive citations until due service is had. Service of the citation upon one attorney will be deemed service upon all parties represented by him. If no bond be required, the citation and writ of error shall issue immediately upon the granting of the application. If a bond be required, the writ shall issue upon receipt of the duly certified copy of the bond prescribed by the statute. Unless further time be allowed by special order of the court in the particular case, the certified copy must be filed in this court within ten days from the granting of the application. If the copy be not so filed, the application will be dismissed by the court of its own motion.
6. When service of the citation in error shall have been had, and the original transcripts and briefs sent up to this court by the Court of Civil Appeals, it shall be the duty of the clerk to put the case upon the trial docket, and to mark upon the file the number of the case as shown upon such docket. Cases upon the trial docket shall be numbered consecutively in the order in which they are entered thereon. *Page 697 
7. Causes in this court will be regularly submitted on Thursday of each week, though a case may be set down for submission upon another day by the permission or direction of the court.
8. A case shall stand for submission upon the first regular day for the submission of causes, coming after the expiration of thirty days from the day on which the writ of error shall have issued, provided the citation in error shall have been served ten days before such submission day. If not so served, then the case shall be subject to submission on the first regular submission day, which falls ten days after service of the citation.
9. Motions in a case not submitted will be heard on the day next preceding the submission day for such case; and the adverse party will be required to take notice of all motions filed in the cause on or before the Tuesday immediately preceding such submission day. Notice shall be given of all motions filed after that time.
10. The clerk shall keep a motion docket, upon which shall be entered every motion as soon as filed. The motions shall be numbered consecutively upon the docket, and its number shall be placed on the motion itself.
11. A party who elects to file in this court a brief, in addition to the brief filed in the Court of Civil Appeals, shall comply as near as may be with the rules prescribed for briefing causes in the latter court, and shall confine his briefs to the points raised in the motion for a rehearing and presented in the application for a writ of error.
 RULES FOR THE COURTS OF CIVIL APPEALS. TRANSCRIPTS.
1. The clerks of the Courts of Civil Appeals shall receive the transcripts delivered and sent to them, and receipt for the same if required, but they shall not be required to take a transcript out of the postoffice or an express office unless the postage or charges thereon be fully paid.
2. The clerk shall indorse his filing upon the transcript, of the date of its reception, if it comes to his hands properly indorsed, showing who applied for it, and to whom it was delivered, if presented within ninety days from the time the appeal or writ of error is perfected. But if it comes to his hands after the said date, or not so properly indorsed, he shall, without filing it, make a memorandum upon it of the date of its reception, and keep it in his office, subject to the order of the person who sent it, or to the disposition of the court. Said transcript shall not be filed until a satisfactory showing has been made to the court for its not being properly indorsed, or for not being received by the clerk in proper time; and upon this being done, it may be ordered *Page 698 
by the court to be filed, upon such terms as may be deemed proper, having respect to the rights of the opposite party.
3. Either party may file the transcript for which he has applied to the district clerk, and which has been delivered to him; both of which facts must appear on the transcript by the indorsement of the district clerk. If the indorsement shows that it was applied for by one party and delivered to the other, it must be shown by the indorsement of the clerk, or otherwise, to entitle it to be properly filed as the transcript of the party to whom it was delivered, and that it was delivered to one by the consent of the other, as each party has the sole right to the transcript which he applied for to be made out for him, and if it is so filed without that fact being shown, the court may strike the case from the docket as improperly filed, upon its own inspection, or upon motion of the party to whom the transcript belonged.
4. If both parties file transcripts within the proper time — which they may do — and that of the appellant or plaintiff in error is properly made and indorsed, it shall be regarded by the court as the transcript of the record in the case, and the court will grant the appellee or defendant in error leave to withdraw that filed by him for his own use.
5. If but one party file his transcript in proper time, that shall be regarded as the transcript of record in the case.
6. From the time when the transcript, properly made out and indorsed, is filed, it will cease to belong to either party, but will become a record of the court, subject to its control and disposition.
7. Transcripts in appeals from judgment in proceedings in quo warranto shall be filed the court of Civil Appeals within twenty days after appeal is perfected, and the first Tuesday following such twentieth day shall be the day for filing motions in such cases.
 MOTIONS.
8. All motions relating to informalities in the manner of bringing a case into the court shall be filed entered by the clerk in the motion docket on or before the Tuesday next before the day on which such case is subject to be called for submission, otherwise the ground of objection shall be considered as waived, if it can be waived by the party; such filing and docketing will be sufficient notice of the motion.
9. Motions to dismiss for want of jurisdiction to try the case, and for such defects as defeat the jurisdiction in the particular case, and can not be waived, shall also be made, filed, and docketed at said time, which filing and docketing shall be notice of the motion; provided, however, if made afterward, they may be entertained by the court, after such notice to the opposite party as the court may deem proper to have been given under the circumstances.
10. Motions made either to sustain or defeat the jurisdiction of the court, dependent on facts not apparent in the record and not ex officio *Page 699 
known to the court, must be supported by affidavits or other satisfactory evidence.
11. Motions for certiorari to perfect the record shall also be made in the time required in Rule 8. They must be accompanied with a sworn statement showing a necessity for the same, unless the record shows it, the filing and docketing of which shall be notice of the same. If made afterward, they will be entertained only upon such terms and upon such notice as the court may deem proper. Unless reasons appear to vary the rule, the party applying, in all cases, will be taxed with the costs.
12. Motions made to postpone the case to a future day, or to continue it until the next term, unless consented to by the opposite party, shall be supported by sufficient cause, verified by affidavit, unless such sufficient cause is apparent to the court.
13. The motion docket will be called on Wednesday of each week, when the motions filed and docketed according to the preceding rules will be in order for submission, at the instance of either party; and if not submitted then, may be submitted at the regular call of the trial docket, unless sooner called up and disposed of.
14. The arguments of counsel upon all motions shall be confined to a brief explanation of the grounds in the motion, so as to make them intelligible to the court, with a reference to the statutes and decisions relating thereto, unless further argument is requested by the court.
15. The clerk, upon filing and docketing a motion, will indorse upon the motion its number and the number of the case to which it belongs, which shall also be entered in the motion docket, together with the attorney's name who makes the motion. Any opposition in the way of answer to said motion by the opposite party may be filed, and in like manner indorsed and noted in the motion docket, and the name of the attorney therein entered.
 THE DOCKET.
16. The clerk, before the regular call of the trial docket, shall have the file number indorsed on each transcript. Where briefs have been filed in a case, the name of the attorney or attorneys signed to the brief shall be entered by the clerk on the trial docket, opposite the name of the appropriate party, and that shall indicate to the court who appears for such party in the cause.
17. The clerk shall not make such entry of an attorney's name until he shall have filed his briefs; but he shall permit any attorney who desires to make an appearance in the case before he files his briefs, or without filing them at all, to place his name, in his own handwriting, upon the trial docket, opposite the name of the party for whom he appears, and that shall be regarded by the court as having whatever effect *Page 700 
is given to the mere appearance of a party to a case in court without brief filed.
18. The court will not enter upon the docket the names of attorneys in a case, but counsel desiring their names entered shall see that it is done under the foregoing rule before the case is called.
19. Counsel desiring to call the attention of the court to a case on the motion docket or trial docket, not then called in its regular order, must, before doing so, provide himself with the number of the case on the docket.
 CALLING THE DOCKET.
20. The trial docket will be called in regular order, according to the filing of the cases as they stand thereon, commencing with the first of those that have not been previously submitted; but the court shall not be required to take the submission of a case until the business on hand will admit of a prompt disposition after the submission has been taken.
21. Upon the call of the trial docket for the submission of cases, either party mays submit a cause if it appears to have been properly prepared for submission on his part, unless for good cause, the court shall postpone the hearing to a further day, or by agreement of counsel to a future day of the term, which will not be done so as to interfere with the business of the court. This rule is subject to exceptional cases given a preference to under some law or rule of the court, and to the action of the court on motions for the postponement and continuance of causes.
 PREPARING A CAUSE FOR SUBMISSION.
22. A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the District and County Courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court.
23. Said record should contain an assignment of errors as required by the statute. If it does not, the court will not consider any error but one of law that may be apparent, upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court.
24. The assignment of errors must distinctly specify the grounds of error relied on; and a ground of error not distinctly specified, in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental as that the court would act upon it without an assignment of errors, as mentioned in Rule 23. *Page 701 
25. To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to.
26. Assignments of error which are expressed only in such general terms as that the court erred in its rulings upon the pleadings when there are more than one, or in its charge when there are a number of charges, or the verdict is contrary to law, or to the charge of the court, and the like, without referring to and identifying the proceeding, will not be regarded by the court as a compliance with the statute requiring the grounds to be distinctly specified, and will be considered as a waiver of errors the same as if no assignment of errors had been attempted to be filed.
27. In cases submitted to the judge upon the law and facts, the assignments of error shall be governed by the same rules as in other cases, and the party desiring to appeal should, as a predicate for specific assignments of error, request the judge to state in writing the conclusions of fact found by him separately from the conclusions of law. And in agreed cases under the statute the foregoing rules as to assignments of error shall be complied with as far as practicable.
28. There will be no assignment of errors allowed in the appellate court when none has been filed in the lower court, unless by consent of parties.
 BRIEFS.
29. The appellant or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on, in accordance with and confined to the distinct specifications of error (which assignments shall be copied in the brief) and to such fundamental errors of law as are apparent upon the record, each ground of error being separately presented under the proper assignment; and each assignment not so copied and accompanied with its appropriate propositions and statements shall be regarded as abandoned.
30. The appellant or plaintiff in error, in preparing his brief, shall make a general and succinct statement of the nature and result of the suit, as an introduction, which may be admitted in an agreed case under the statute, and then each point under each one of the assignments relied *Page 702 
on shall be stated in the shape of a proposition, unless the assignment is itself in the shape of a proposition to be maintained, and then it will be sufficient to copy the assignment.
31. To each one of said propositions there shall be subjoined a brief statement in substance of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it, and without intermixing with it arguments, reasons, conclusions, or inferences. But an argument bearing only on the propositions submitted may follow each statement.
32. The propositions, if more than one under one ground of the assignment, shall refer to it, and be stated separately.
33. In a proposition relating to the error of the court in overruling a motion for a new trial or to arrest the judgment, in which there are several grounds, the particular ground or grounds should be referred to with the appropriate explanation; and if the same grounds of error have been presented in other propositions, it will be unnecessary to repeat them.
34. In propositions relating to fundamental errors of law apparent upon the record, enough must be stated to make the error of law which pervades the case obviously apparent, without requiring the court to search through the record to find errors, which they will not do unless properly pointed out, if the judgment is one which the trial court is competent to render in such a case.
35. When the assignments of error are numerous, counsel should present propositions on those which are most important in the determination of the case, waiving those that can not control the result of the decision of this court — among which may be classed those involving questions of fact, wherein the evidence is so preponderating or so conflicting as that the court, under well established rules of decision, would not set aside the verdict of the jury or judgment of the court upon them.
36. There should be annexed to each proposition, with its statement, and at the end of it, a reference simply to the authorities relied on, if any, in support of it, in the following order, to-wit: The statues and decisions of this State; the statutes and decisions of the United States, if they are applicable to the case; elementary authorities; other decisions in the American and English courts. In citing decisions, those most nearly in point should be cited first, and should not, usually at least, be so numerous as to require a waste of time in their examination.
37. The brief of the parties, framed in accordance with these rules, must be signed by the party or his counsel; and if by counsel, it shall *Page 703 
appear for and on behalf of what party or parties, by name, it is signed; and the copies thereof filed in the appellate court shall be plainly written or printed; and if it covers more than eight pages of foolscap, they shall be printed.
38. Such brief may be amended by a citation of additional authorities to the respective points or propositions made in it, which must be filed and notice of it given to the counsel for the opposite party, if in attendance, one day before the case is called. No other amendment to the brief shall be allowed by the court, unless it is or can be done without injustice or unreasonable inconvenience being thereby imposed on the other party.
39. The failure of appellant or plaintiff in error to file an assignment of errors and briefs in the lower court and in the appellate court in the time and in the manner prescribed by law and by the rules, shall be ground for dismissing the appeal or writ of error for want of prosecution by motion made by appellee or defendant in error, as other motions under Rule 8, unless good cause is shown why it was not done in the time and manner prescribed, and that they have been filed at such time and under such circumstances as that the appellee or defendant in error has reasonably not suffered any material injury in the defense of the case in the appellate court. In deciding said motion, the court will give such direction to the case as will cause the least inconvenience or damage from such failure, so far as practicable.
40. When it shall be found that the rules prescribed for the preparation of a case for submission have been fully complied with by the appellant or plaintiff in error, the court will, in its discretion, regard this brief as a proper presentation of the case, without an examination of the record as contained in the transcript, and may found its decision thereon, unless the appellee or defendant in error shall, by the time of calling of the case, file in the appellate court copies of his brief, to be there kept with the transcript, containing his objections, succinctly and definitely, to the grounds of error as presented in the propositions of appellant or plaintiff in error in his brief, taking up each of them in order, and stating such other matters contained in the record, in the mode prescribed for appellant and plaintiff in error, as may sustain his objection to each; to which may be added propositions of his own, supported by like statements of what is in the record, so as to present his view of the case, citing the proceedings in the transcript, with the pages, when practicable, to which he refers in his statements.
41. Whatever of the statements of the appellant or plaintiff in error in his brief is not contested, will be considered as acquiesced in. To each of his said objections or propositions may be annexed his authorities, cited in the order indicated for the brief of appellant or plaintiff in error. *Page 704 
42. When appellant or plaintiff in error has failed to prepare the case for submission, by the omission of what is required after bond or affidavit filed for appeal and for writ of error with citation served, the appellee or defendant in error, before the call of the case, may file in the appellate court a brief in the manner required of the appellant or plaintiff in error — except that his propositions will be shaped so as to show the correctness of the judgment — which the court way, in its discretion, regard as a correct presentation of the case, without examining the record further than to see that the judgment is one that can be affirmed upon the view of the case as presented by appellee or defendant in error. The appellee or defendant in error shall be entitled to the custody of the transcript after it is filed in the appellate court, for the purpose of preparing his brief.
43. The appellee or defendant in error may submit the record upon a suggestion of delay, upon making a brief statement of the character of the suit, the proceedings therein, and the judgment rendered, which will required in every case of such submission when appellant or plaintiff in error has filed no brief. If this is done in a case properly prepared for submission by appellant or plaintiff in error, it will be considered an acquiescence in the statement of appellant or plaintiff in error, in his brief, as to the contents of the record, and as merely a denial of the legal consequences contended for by the appellant or plaintiff in error, unless the appellee or defendant in error shall also file a brief, as heretofore provided, which he may do. If the appellant or plaintiff in error has not prepared the case for submission, the record will be examined sufficiently to ascertain that it is or is not properly a delay case; and if found to be a plain case of delay, it will be acted on as such; but if not, it will be reversed or referred back for a brief, or brief and argument, on one or both sides, as may be directed. In deciding under this rule, where the case has not been prepared for submission by the appellant or plaintiff in error, the court will be required to look only to the substantial merits as they may appear in the record.
44. When affirmance is asked upon certificate filed, there need be nothing more than a request for affirmance, signed by the party or his counsel. It shall not be submitted sooner than one week after being filed, if the court should be in session that length of time. The appellee or defendant in may be heard on a motion to dismiss the certificate, or on a motion to file the transcript of the record, or on a motion to set aside the judgment rendered, as in other cases of rehearing.
 DEFECTIVE BRIEF.
45. In all cases wherein the brief or briefs are found insufficient, either in a proper presentation of the facts or proceedings in the case, or in the reference to the authorities, so as to enable the court to decide the case, the court may set aside the submission and refer back, *Page 705 
with such orders for postponement, filing of briefs, reference to authorities, by one or both parties, and reargument, written or oral, as may be deemed proper. If, however, one party has fully complied with the rules, and has filed a satisfactory brief that will enable the court to decide the case, and the other party is in default, and has not filed a satisfactory brief in accordance with the rules, the court may, in its discretion, disregard the latter party's brief, as if not filed in the case, and act upon that alone which has been properly filed in accordance with the rules.
 AGREEMENTS OF COUNSEL.
46. All agreements of parties or their counsel relating either to the merits or conduct of the case in the court, or in reference to a waiver of any of the requirements prescribed by the rules, looking to the proper preparation of an appeal or writ of error for a submission, shall be in writing, signed by the parties or their counsel, and filed with the transcript or be contained in it, and, to the extent that such agreement may vary the regular order of proceeding, shall be subject to such orders of the court as may be necessary to secure a proper preparation for a submission of the case.
 ARGUMENTS OF COUNSEL.
47. When a case is properly prepared for submission, any party who has filed briefs in accordance with the rules prescribed therefor, may, upon the call of the case for submission, submit an argument to the court, either oral or plainly written or printed, which, if written or printed, may be left on file with the transcript, copies of which need not be furnished, unless printed.
48. The arguments must be upon the disputed points, whether of law or fact, in support of the propositions relied on, on one side, and objections and counter-propositions on the other, and it must be confined to them, avoiding any reference or comment upon positions taken in the trial court, or to other extraneous matters not involved in or pertaining to that which is found in the record.
49. In referring to statutes, that part directly bearing upon or relevant to the position should be read at the bar, or stated in the written or printed arguments; and in citing elementary books or decisions of courts, the principle should be stated, or so much should be read or stated, as bears directly on or tends to maintain the proposition for which it is cited in the brief.
50. After the case has been presented to the court by such explanation as may be necessary, each side may be allowed an hour in argument at the bar, with twenty minutes more in conclusion by the appellant; and, after being so presented, if the magnitude or importance of the case or the difficulty of the question seem to require it, a *Page 706 
longer time may be allowed. Not more than two counsel on each side will be heard, except upon leave of the court.
51. If counsel but for one party has filed briefs, an argument by him may be allowed, conformably to the preceding rules, as nearly as practicable, under the direction of the court.
52. Counsel who argue a case at the bar will be expected to be able to answer questions propounded by the members of the court, relating to the matters contained in the record and to the laws or authorities cited in the argument.
53. Should it be apparent, during the progress of a trial, or afterward, that the case has not been properly prepared; as shown in the transcript, or properly presented in the brief or briefs, or that the law and authorities have not been properly cited, which will enable the court to decide the case, it may decline to receive the submission, or, if received, may set it aside and make such orders as may be necessary to secure a more satisfactory submission of the case.
54. When a case has been properly prepared for submission and a satisfactory oral argument has been made, the court will promptly announce its judgment, if practicable, at the next succeeding session of the court; and when deemed necessary, deliver a written opinion — if not then, at some time during the term of the court.
 CUSTODY OF TRANSCRIPT.
55. Neither the transcript nor any of the papers in a case shall be withdrawn from the custody of the clerk, nor taken from his office or the court room, without a receipt left therefor.
56. Cases after submission are no longer under the control of the attorneys, and the clerk will not let the transcripts of such cases go out of his office, except on the order of one of the justices of the court.
57. Original papers sent up with the transcript by order of the trial court for the inspection of the appellate court, will be retained in the office, and will not be allowed to go out of the custody of the clerk, except by order of one of the justices of the court, which order must be filed with the papers of the cause.
58. The clerk shall furnish the parties and counsel with an opportunity, when reasonably applied to for that purpose, to inspect the records, judgments, papers, opinions, books, and dockets in his office in which they may be interested; but he shall not be required to permit copies thereof to be taken without his consent. He shall, upon tender of reasonable compensation, give certified copies of the records of his office.
59. The clerk shall be responsible for every transcript or other paper in a cause that is missing from his office, unless he can produce the receipt of an attorney for the same, or otherwise show, by satisfactory evidence, that some one took it from his custody or from the court room *Page 707 
without his consent, or that said transcript had passed into the hands of one of the justices of the court, and had not been returned to his custody.
60. No attorney shall take, or suffer to be taken, any transcript or other paper for which he has receipted, out of the reach of the court, so that it can not be produced in court or in the clerk's office when it is needed.
61. The reporter shall have access to the minutes and judgments of the court, and shall have custody of the transcripts, briefs, and opinions so long as may be necessary to discharge his duties as reporter.
62. In all cases in which appeals or writs of error are dismissed, the appellant, or party filing the transcript, without further leave of court, shall have the right to withdraw the transcript, unless it contains original papers belonging to an adverse party, in which event leave of court shall be had before such original papers are withdrawn.
 REHEARING IN THE COURTS OF CIVIL APPEALS.
63. Motions for rehearing shall be made and conducted strictly in accordance with the statute, which describes the manner of this proceeding.
64. Where a Court of Civil Appeals adjourns for the term within less than fifteen days after the rendition of judgment, the issuance of the mandate shall, unless otherwise ordered, be withheld until the expiration of said period; and if, within that period, an application for rehearing shall be presented to the clerk of the court at that place, having indorsed thereon the order of any member of the court that it be filed, the issuance of mandate shall be further withheld to await the action of the court on said application.
 RULES FOR THE COURT OF CRIMINAL APPEALS.
1. The clerks of the Court of Criminal Appeals shall be governed by the rules applicable to the clerks of the Courts of Civil Appeals, except where a different rule may be prescribed by statute.
2. The rules governing motions, arguments of counsel, and applications for certiorari to complete the record, as prescribed for the Courts of Civil Appeals, shall apply to the Court of Criminal Appeals. *Page 708 
 RULES FOR THE DISTRICT AND COUNTY COURTS. PLEADINGS.
1. The pleadings in the District and County Courts shall, as prescribed by statute, be by petition and answer.
2. Pleadings, with the exception of those presenting issues of law, must be a statement of facts, in contradistinction to a statement of evidence, of legal conclusions, and of arguments. Facts are adequately represented by terms and modes of expression wrought out by long judicial experience, perpetuated in books of forms, in law and equity, which, though not authoritatively requisite, may generally be adopted as safe guides in pleading. In case of a violation of this rule, to such an extent as to produce confusion, uncertainty, and unnecessary length in pleading, the court may require the matter set up to be repleaded, so as to exclude the superfluous parts of it from the record.
 THE PETITION.
3. The petition of plaintiff shall consist of an original petition and such supplemental petitions as may be necessary in the course of pleading by the parties to the suit to enable the plaintiff to state all the facts presenting his cause of action, and such other facts as may be required to rebut the facts that may be set up in the original and supplemental answers as pleaded by the defendant. The original petition and the supplemental petitions shall be indorsed so as to show their respective positions in the process of pleading, as "original petition," "plaintiff's first supplemental petition," "plaintiff's second supplemental petition," and so on, to be successively numbered, named, and indorsed.
 ORIGINAL PETITION.
4. The plaintiff, in the original petition, in addition to the names and residences of the parties and the relief sought, may state all of his facts, so as to present together different combinations of facts amounting to a cause or causes of action, as has been the usual practice, or he may state the cause or causes of action in several different counts, each within itself presenting a combination of facts specifically amounting to a single cause of action, which, when so drawn, shall be numbered, so that an issue may be formed on each one by the answer.
 PLAINTIFF'S SUPPLEMENTAL PETITIONS.
5. The plaintiff's supplemental petitions may contain exceptions, general denial, and the allegations of new facts not before alleged by him, in reply to those which have been alleged by the defendant. *Page 709 
 THE ANSWER.
6. The answer of defendant shall consist of an original answer and such supplemental answers as may be necessary in the course of pleading by the parties to the suit to enable the defendant to state all of the exceptions and facts presenting his defense as contained in his original answer, or his cross-action, if one be set up in the original answer, and such other facts as may be required to rebut the facts that may be stated in the original and supplemental petitions as pleaded by the plaintiff. The original answer and the supplemental answers shall be indorsed so as to show their respective positions in the process of pleading, as "original answer," "defendant's first supplemental answer," "defendant's second supplemental answer," and so on, to be successively numbered, named, and indorsed.
 ORIGINAL ANSWER.
7. The original answer may consist of pleas to the jurisdiction, in abatement, of privilege, or any other dilatory pleas; of exceptions, general and special; of general denial, and any other facts in defense by way of avoidance or estoppel, the same being pleaded in the due order of pleading as required by statute; and it may present a cross-action, which to that extent will place defendant in the attitude of a plaintiff. Facts in avoidance and estoppel may be stated together, or in several special pleas, each presenting a distinct defense, and numbered so as to admit of separate issues to be formed on them.
 SUPPLEMENTAL ANSWERS.
8. The defendant's supplemental answers may contain exceptions, general denial, and the allegations of new facts not before alleged by him, in reply to that which has been alleged by the plaintiff.
9. The original petition, first supplemental petition, second supplemental petition, and every other, shall each be contained in one instrument of writing, and so with the original answer and each of the supplemental answers.
10. Each supplemental petition or answer made by either party shall be a response to the last preceding pleading by the other party, and shall not repeat the facts formerly pleaded further than is necessary as an introduction to that which is stated in the pleading then being drawn up. These instruments, to-wit, the original petition and its several supplements and the original answer and its several supplements, shall respectively constitute separate and distinct parts of the pleadings of each party; and the position and identity, by number and name, with the indorsement of each instrument, shall be preserved throughout the pleadings of either party. *Page 710 
11. Each party who files a supplement of any number (as first, second, third, and so on), shall give notice thereof by asking leave of the court, and filing the same among the papers of the cause, with the appropriate indorsement thereon, indicating its number and name.
 AMENDMENT.
12. An amendment may be made by either party, upon leave of the court for that purpose, or in vacation, as prescribed by the statute — the object of an amendment, as contradistinguislied from a supplemental petition or answer, being to add something to, or withdraw something from, that which has been previously pleaded, so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by the party making the amendment.
13. The party amending shall point out the instrument, with its date, sought to be amended, as "original petition," or "plaintiff's first supplemental petition," or others filed by the plaintiff, or as "original answer," or "defendant's first supplemental answer," or others filed by the defendant, and amend such instrument by preparing and filing a substitute therefor entire and complete in itself, to be styled and indorsed, "amended original petition," or "amended first supplemental petition," or "amended original answer," or "amended first supplemental answer," and so on accordingly as said instruments of pleading are designated in Rules 3 and 6.
14. Unless the substituted instrument shall be set aside on exceptions for a departure in pleading some other ground, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation.
15. When either party may have occasion to plead new facts, additional to those formerly pleaded by him, which constitute an additional cause of action or defense permissible in the suit, he shall present it as an amendment to the original petition, or original answer (unless it is in its nature a response to some pleading of the opposite party), by substitution, with the proper number, name, and indorsement, in the same manner as other amendments.
16. When either supplement or amendment made to pleading is of such character and is presented at such time as to take the opposite party by surprise (to be judged of by the court), it shall be cause for imposing the cost of the term upon and charging the continuance of the cause (both or either) to the party causing the surprise, if the other party demand it and shall make a satisfactory showing, or if it otherwise *Page 711 
be apparent that he is not ready for trial on account of said supplement or amendment being allowed to be filed by the court.
 EXCEPTIONS TO PLEADING.
17. General exceptions shall point out the particular instrument in the pleadings, to-wit, the original petition or answer, or the respective supplements to either; and in passing upon such general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency.
18. A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly the obscurity, inconsistency, duplicity, generality, or other insufficiency in the allegations in the pleading objected to. The general expression that it is vague, uncertain, and the like, alone shall be regarded as no more than a general exception.
 EXHIBITS IN PLEADING.
19. Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting in whole or in part the cause of action sued on or the matter set up in defense, may be made a part of the pleadings, by copies thereof, or the originals, being attached and referred to as such, in aid and explanation of the allegations in the petition or answer made in reference to said instruments, but will not thereby relieve the pleader from making the proper allegations of which said exhibits may be the evidence in whole or in part. No other instrument of writing, such as a deed, will, document, record of court, or agreement, which is not sued on as a cause of action by plaintiff, or set up as matter relied on in defense by defendant, but is designed to be used only as evidence of some fact that is alleged, shall be made an exhibit in the pleading; and when it shall be so attempted, by attaching such instrument and referring to it as such, the court will, of its own motion, or at the instance of a party, cause the instrument to be detached from the pleading, and adjudge it to constitute no part thereof, by an order of court entered of record, at the cost of the party violating this rule, so as to prevent the pleadings from being incumbered with that which is or may be only evidence in the case.
20. The office of a general denial by defendant is to throw the burden of proof as to the allegation denied on the plaintiff. The defendant can not be permitted under this plea to introduce special matters in avoidance or estoppel in evidence for his defense. And the same rule prevails when it is filed by plaintiff to facts in the cross-action or answer of defendant. *Page 712 
 MOTIONS.
21. The clerk shall keep a motion docket, in which all motions when filed shall be placed, with the names of the parties and counsel, with the date of filing and its number and the number of the case, which filing shall be considered notice of said motion before the continuance or final disposition of the case for the term, except where it is otherwise provided for by statute.
22. The court will set apart a particular day each week of the term when motions previously made, in which proper notice has been given, shall be determined, if urged, unless for good cause they are postponed to a day during the term, or continued by consent to the next term.
23. When notice shall be given of objections to the form or manner of taking and returning depositions, either party may require it to be put on the motion docket and tried as other motions; provided, if not tried sooner, it shall be decided before either party shall be required to announce readiness for trial on the facts.
 DILATORY PLEAS, MOTIONS, AND EXCEPTIONS, WHICH DO NOT GO TO THE MERITS OF THE CAUSE.
24. All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried.
 MOTIONS AND EXCEPTIONS TO MERITS.
25. All motions which go to the merits of the case, and all exceptions, general and special, which relate to the substance or to the form of the pleadings, shall be decided at the first term of the court when the case is called in the regular order for trial on the docket, if reached, whether there be an announcement on the facts or not, unless passed by agreement of parties with the consent of the court.
 CALL FOR TRIAL.
26. When the case is called for trial, the exceptions, if any remain undisposed of, shall be presented for determination, and shall then be decided before proceeding to the trial of the case on the facts; and if not presented, they shall be adjudged by the to have been waived, and shall be so entered on the minutes of the court, the cost of filing to be taxed against the party filing them, and they shall constitute no part of the final record, unless some question be raised upon the action of the court in reference to them, and they are presented in a bill of exceptions. *Page 713 
27. When the exceptions have been presented and decided, leave may be granted to either or both parties to file an amendment in one instrument of writing separate from those which had been previously filed by each, which shall close the pleadings in the case to be then determined by the court, so as to decide all the questions of sufficiency arising upon them. In making this amendment, the party shall refer distinctly to such instrument as he desires to amend, by name and number, as in the other amendments, without repleading the whole of it, but shall succinctly state such additional facts to be added thereto as be may desire, and this amendment shall be styled and indorsed, "plaintiff's" or "defendant's trial amendment;" but if the case should not be then tried, the party or parties shall replead, as in other cases of amendment.
28. When the questions of law, if any, have been determined by the court, the judge may, before proceeding to trial, by the aid of the counsel, have the pleadings that have been held sufficient, or have not been excepted to, read over, if deemed necessary, and may make a brief memorandum of the facts stated or issues presented in the pleadings, and may read them out before the trial commences, so as to inform the parties of the view which is entertained by the judge of the matters of fact in issue as presented by their pleadings.
29. The court, when deemed necessary in any case, may order a repleader on the part of one or both of the parties, in order to make their pleadings substantially conform to the rules.
30. These rules of pleading shall apply equally, so far as it may be practicable to apply them, to intervenors and to parties, when more than one, who may plead separately.
 TRIAL OF THE CASE.
31. The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof on the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause.
32. The court shall not be required to allow a case to go to trial on the facts when the pleadings are obviously so defective that a material issue has not been formed; and in such case the court shall call the attention *Page 714 
of the parties to such immaterial or defective issue, so that the time of the court may not be wasted.
33. A party who abandons any part of his cause of action or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein were not tried, and he shall be taxed with the cost incurred upon such pleading so abandoned. He shall also be taxed with the cost incurred upon pleading in support of which no evidence was offered, to be determined by the court on motion at the term of the trial, and not afterward.
 COUNSEL AND ARGUMENTS.
34. Counsel for plaintiff, or for defendant when he holds the affirmative of the issue, shall have the right to open and conclude, but if he waives the right of opening the argument he shall not have, the right to conclude. This rule will apply to motions, exceptions to evidence, and all other matters presented to the court, except in rules to show cause, in which the party called on shall begin and end his cause.
35. An application for first continuance shall not be argued.
36. In all arguments, and especially in arguments on the trial of the case, the counsel opening shall present his whole case as he relies on it, both of law and facts, and shall be heard in the concluding argument only in reply to the counsel on the other side.
37. Counsel for an intervenor shall occupy the position in the argument assigned by the court according to the nature of the claim.
38. Arguments on questions of law shall be addressed to the court, and counsel should state the substance of the authorities referred to without reading more from books than may be necessary to verify the statement. On a question on motions, exceptions to the evidence, and other incidental matters, the counsel will be allowed only such argument as may be necessary to present clearly the question raised, and refer to authorities on it, unless further discussion is invited by the court.
39. Arguments on the facts should be addressed to the jury, when one is impaneled in a case that is being tried, under the supervision of the court. Counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel. Mere personal criticism by counsel upon each other shall be avoided, and when indulged in shall be promptly corrected as a contempt of court.
40. Side-bar remarks, and remarks by counsel of one side, not addressed to the court, while the counsel on the other side is examining a witness, or arguing any question to the court, or addressing the jury, will be rigidly repressed by the court.
41. The court will not be required to wait for objections to be made when the rules as to arguments are violated; but should they not be noticed and corrected by the court, opposing counsel may ask leave of *Page 715 
the court to rise and present his point of objection. But the court shall protect counsel from any unnecessary interruption made on frivolous and unimportant grounds.
42. It shall be the duty of every counsel to address the court from his place at the bar, and in addressing the court to rise to his feet; and while engaged in the trial of a case, he shall remain at his place in the bar.
43. But one counsel on each side shall examine and cross-examine the same witness, except on leave granted.
44. Not more than two counsel on each side shall be heard on any question or on the trial, except in important cases, and upon special leave of the court.
45. The attorney first employed shall be considered the leading counsel in the case, and, if present, shall have control in the management of the cause, unless a change is made by the party himself, to be entered of record.
46. An attorney of record is one who has appeared in the case, as evidenced by his name subscribed to the pleadings or to some agreement of the parties filed in the case; and he shall be considered to have continued as such attorney to the end of the suit in the trial court, unless there is something appearing to the contrary in the record.
47. No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.
48. Counsel of the party for whom a judgment is to be rendered shall prepare the form of the judgment to be entered and submit it to the court.
49. Absence of counsel will be no good cause for continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge, to be stated on the record.
50. No attorney or other officer of the court shall be surety in any cause pending in the court, except under special leave of court.
51. Any attorney who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading presenting a state of case which he knows to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt; and the court, of its own motion, or at the instance of any party, will direct an inquiry to ascertain the fact.
52. After the court has pronounced its opinion upon a question made, no further argument will be heard; but if counsel think the court has fallen into error as to law or fact, they may submit a statement in writing, which the court will receive and consider. *Page 716 
 BILLS OF EXCEPTION.
53. There shall be no bills of exception taken to the judgments of the court rendered upon those matters which at common law constitute the record proper in the case, as the citation, petition, answer, and their supplements and amendments, and motions for new trial, or in arrest of judgment, and final judgment.
54. The charges of the court that are given, and those asked that are refused, when signed by the judge and filed by the clerk, being made thereby a part of the record by statute, should not, in civil causes, be made a part of a bill of exceptions.
55. The rulings of the court upon applications for continuance and for change of venue, and other incidental motions, and upon the admission or rejection of evidence, and upon other proceedings in the case not embraced in the two preceding rules, when sought to be complained of as erroneous, must be presented in a bill of exceptions signed by the judge and filed by the clerk, or otherwise made according to the statute, and they will thereby become a part of the record of the cause, and not otherwise.
56. Exceptions to evidence admitted over objections made to it on the trial may be embraced in the statement of facts, in connection with the evidence objected to, provided the statement of facts be presented to the judge within the time allowed for presenting bills of exceptions, and be filed in term time.
57. Exceptions to the admission of evidence on the trial, where no reason is assigned for objecting to it, shall not be sustained where the evidence is obviously competent and admissible as tending to prove any of the facts put in issue in the pleadings; and in all cases the court, when deemed necessary, may call upon the party offering the evidence to explain the object of its admission, and also upon the party excepting the reason of his objections; which, when done in either or both cases, may form a part of the bill of exceptions.
58. Exceptions to the admission of evidence where the ground of objection is assigned, shall be considered in reference to the objection made to it, and the objection shall be stated in the bill of exceptions taken to its admission or exclusion.
59. Bills of exception must state enough of the evidence or facts proved in the case to make intelligible the ruling of the court excepted to in reference to the issue made by the pleadings.
60. When exceptions are made to the admission or exclusion of the evidence on the trial before the court or before the jury, the exceptions will be then decided, after such argument as the court may allow, and a memorandum of the point ruled on will then be made by the judge, if the bills of exception are not then prepared and signed, which ordinarily should be done. *Page 717 
 CHARGE OF THE COURT.
61. When the pleading of either or both parties contains several combinations of facts, either together or in several counts or pleas, each of which constitutes a cause of action or ground of defense, and is sufficiently supported by the evidence to require a charge, and upon which an issue has been formed, the charge should be so framed as to present to the jury and require a finding by them upon the issue made upon each of said combinations of facts so contained in the pleadings which may be necessary to a decision of the case.
62. When a full charge upon the issues has been made, so far as the evidence adduced tending to establish them may require, the court should not encourage the asking of additional charges covering the same ground substantially, and charges asked and not given should not be read in the hearing of the jury, or taken by the jury in their retirement.
 JUDGMENT.
63. The entry of the judgment should carefully recite the finding of the jury, or the several findings, if more than one, upon which the judgment of the court is based.
64. The entry of the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom the judgment is rendered.
65. Judgments rendered upon questions raised upon citations, pleadings, and all other proceedings, constituting the record proper as known at common law, must be entered at the date of each term when pronounced.
66. A cause that has been submitted for trial to the judge on the law and facts shall be determined and judgment rendered therein during the term at which it has been submitted, and at least two days before the end of the term, if it has been tried and submitted one day before that time, unless it is continued after such submission for trial, by the consent of the parties placed on the record, and in such event a statement of facts and bills of exception shall be prepared and filed upon a request in writing by either party.
 MOTIONS FOR NEW TRIAL AND IN ARREST OF JUDGMENT.
67. Each ground of a motion for a new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designed to be complained of, in such way as that the point of objection can be clearly identified and understood by the court.
68. Grounds of objections couched in general terms — as that the court erred in its charge, in sustaining or overruling exceptions to the *Page 718 
pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to the evidence, the verdict of the jury is contrary to law, and the like — shall not be considered by the court.
69. When the case is determined by the judge without a jury, counsel, in making a motion for a new trial, shall specify succinctly the supposed errors of law or fact, or both, into which the judge has fallen, as far as may be practicable to do so.
70. In motions for continuance, for the change of venue, and other preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless presented in a bill of exceptions; and the rulings thereon shall be made a ground of objection in motions for new trial or in arrest of judgment, if they are desired to be relied on as grounds of error.
71. Motions for new trial and in arrest of judgment shall be determined on motion day of each week of the term, unless postponed to the next motion day, or, for good cause shown, to a subsequent day, and not later than two entire days before the adjournment of the court, at which time all such motions previously filed shall be determined.
 THE STATEMENT OF FACTS.
72. Where the evidence adduced upon the trial of the cause is sufficient to establish a fact or facts alleged by either party, the testimony of witnesses, and the deeds, wills, records, or other written instruments, admitted as evidence, relating thereto, should not be stated or copied in detail into a statement of facts, but the facts thus established should be stated as facts proved in the case; provided, an instrument, such as a note or other contract, mortgage, or deed of trust, that constitutes the cause of action, on which the petition, or answer, or crossbill, or intervention is founded, may be copied once in the statement of facts.
73. When there is any reasonable doubt of the sufficiency of the evidence to constitute proof of any one fact under the preceding rule, there may then be inserted such of the testimony of the witnesses and written instruments, or parts thereof, as relate to such facts.
74. When it becomes necessary to insert in a statement of facts any instrument in writing, the shall be copied into the statement of facts before it is signed by the judge, and instruments therein only referred to and directed to be copied shall not be deemed a part of the record.
75. Where there is no dispute about, or question made upon, the validity or correctness in the form of a deed, or its record, a will or its probate, record of a court, or any written instrument adduced in evidence, it should be described (and not copied), or its legal effect as evidence stated as a fact established. *Page 719 
76. When questions are raised on such instruments as are mentioned in the preceding rules, only so much or such parts of them shall be copied into the statement of facts as may be necessary to present the question, and the balance of them shall only be described, or presented, as prescribed in the preceding rule.
77. The commissions, notices, and interrogatories in depositions, adduced in evidence, shall in no case be inserted or copied into a statement of facts, but the evidence thus taken and admitted shall appear in the statement of facts, in the same manner as though the witness had been on the stand in giving his evidence, and not otherwise, in form or substance.
78. Neither the notes of a stenographer taken upon the trial, nor a copy thereof made at length, shall be filed as a statement of facts; but the statement made therefrom shall be condensed throughout in accordance with the spirit of the foregoing rules upon this subject.
 CLERKS.
79. The clerks of the District and County Courts shall keep a court docket in a well bound book, ruled into columns, in which they shall enter, in the first column, number of case and name of attorneys; second, names of the parties; third, nature of the action; fourth, the pleas; fifth, rulings of former terms; sixth, the motions and rulings of the present term.
80. The cases shall be placed on the docket as they are filed.
81. The clerk shall at each term make out two copies of this docket, one for the use of the court and one for the use of the bar.
82. In preparing the court docket, it shall be the duty of the clerk to designate the suits by regular consecutive numbers, called file numbers, and he shall mark on each paper in every case the file number of the cause.
83. In every case appealed to a Court of Civil Appeals, the clerk shall, in making up the docket at each succeeding term, keep the said cause in its proper place on the docket for disposition after being decided; and at the next term after issuing a writ of error, the clerk shall replace the cause on the docket, with its original file number.
84. In making a complete record, as prescribed by statute, all the proceedings in the case shall be entered in the order of time in which they occur; provided, amended pleadings shall take the place of those for which they are substituted, and the pleading thus superseded (except such as are specified in Rule 14), and those that are abandoned as shown by an order of judgment of the court, shall be left out of the record. *Page 720 
 TRANSCRIPT ON APPEAL OR WRIT OF ERROR.
85. In making a transcript the proceedings shall be entered in the order of time in which they occurred, as prescribed in the preceding rule, unless, with the approval of the judge, counsel on each side shall agree in writing, to be itself filed and copied in the transcript, directing the clerk which of the papers may be left out, as being useless in the decision of the case; provided, subpœnas shall not be inserted, nor shall the citations, in cases where the defendant or defendants have filed answers, unless some question is made upon them which will require them to be copied.
86. All bills of exceptions and statements of facts shall be literally transcribed; and the clerks are hereby prohibited from copying as parts of the same any instrument in writing, or document not originally inserted therein, but referred to and directed to be copied from some other paper in the case.
87. In copying the proceedings inserted in the transcript, there shall be a space left between them, so that each one can readily be distinguished.
88. On the left margin of the page of each proceeding the clerk shall note its name, and the date of its occurring or being filed. This may be dispensed with in printed transcripts; but in all cases the clerk shall copy, in connection with each paper filed, the file mark subscribed or indorsed thereon.
89. The pages shall be numbered at the bottom, on the left hand of each page.
90. The transcript may be either written or printed. If written, it shall be on good white paper, with black ink, in a plain round hand, not confused by running words together or by flourishes, and with sufficient space between the lines to be easily read, and on one side only of each sheet of paper, with no sheets cut or mutilated, and the sheets shall be entire and filled with writing, so as to leave no blanks larger than the ordinary spaces left between the different proceedings to distinctly separate them; and all the sheets upon which it is written shall be fastened together at the upper end with tape, ribbon, or something of the kind, and sealed over the tie with the seal of the court. When the transcript is printed, it must be on both sides of the paper, in not less than small pica type, bound and paged in pamphlet form, of octavo size, and fastened at the back with the tie and seal of the court; but in other respects Shall conform to the rules laid down for written transcripts.
91. The caption of the transcript shall be in the following form, to-wit: *Page 721 
"THE STATE OF TEXAS,
"County of __________.
"At a term of the District [or County] Court, begun and holden at __________, within and for the county of, __________ before the Hon. __________, and ending on the _____ day of __________, A.D. __________, the following case came on for trial, to-wit:
"A. B., plaintiff,
 v.
"C. D., defendant."
92. There shall be an index on the first pages preceding the caption, giving the name and page of each proceeding, including the name and page of each instrument in writing and agreement, and the testimony of each witness in the statement of facts, as it appears in the transcript. The index shall not be alphabetical, but shall conform to the order in which the proceedings appear as transcribed.
93. The transcript shall contain a bill of costs, regularly made out and copied.
94. It shall conclude with a certificate, under the seal of the court, that it contains a true copy of all the proceedings in the cause, and shall be dated and signed officially by the clerk.
95. The clerk, having made a transcript, upon the application of either party or his counsel, as prescribed in case of appeal, and in case of writ of error, as directed by law, shall deliver it to such party or his counsel, when so made out, on demand.
96. The notice of appeal and giving a bond on an appeal, and the filing of a petition and bond for writ of error, and the service of citations, will be regarded as an application to the clerk to prepare at once a transcript of the record for the appellant, or plaintiff in error, without further application.
97. The appellee, or defendant in error, or his counsel, to be entitled to a transcript of the record, shall specially make an application to the clerk to make it out for him.
98. The clerk, having prepared a transcript, shall indorse upon it as follows:
"J. K., appellant, or plaintiff in error,
 v.
"N.M., appellee, or defendant in error.
"From __________ county."
And on delivery of it to the party, or to his counsel, who had applied for it, he shall in all cases indorse upon it before it finally leaves his hands as follows, to-wit, "Applied for by P. S. on the _____ day of __________, A.D. __________, and delivered to P. S. on the _____ day of __________, A.D. __________," and shall sign his name officially thereto. The *Page 722 
same indorsement shall be made on certificates for affirmance of the judgment.
99. Unless when specially directed by statute, the clerk of a trial court is not bound to transmit any transcript to a Court of Civil Appeals.
100. When the clerk shall have presented a transcript for examination to the party, or his counsel, who has applied for it, and it is found, in any particular whatever, to have been made out in violation of any of the preceding requirements, he shall be at liberty to return it, as not being a complete and properly prepared transcript, in time for correction by the clerk. And the reception of it by the party, or his counsel, without being so returned for such purpose, will be regarded as an assumption by him of all responsibility for any and all deficiencies found in the transcript, resulting from the violation of these rules or of the statutes.
 ASSIGNMENTS OF ERROR.
101. The appellant, or plaintiff in error, shall file his assignments of error in the trial court as prescribed by statute; and the appellee, or defendant in error, may file cross-assignments with the clerk of the trial court when he files his brief, which assignments may be incorporated in his brief and need not be copied in the transcript. In such case one of the copies filed in the Courts of Civil Appeals shall contain a certificate of the clerk of the trial court showing that it is a copy of the brief filed in his office, and the date of its filing.
 BRIEFS.
102. Appellant or plaintiff in error shall file a copy of his brief in the trial court as directed by statute, which shall be received by the clerk, and he shall indorse upon it his filing, with the date of its delivery to him, and keep it among the papers of the cause, subject to inspection, in his office, by any of the parties or their counsel, and shall, upon request, deliver a certified copy of it, and of his filing, with its date; or if copies thereof shall be presented to him, he shall certify thereto for the party requesting it; but shall not be copied in the transcript.
 JURISDICTION OF THE DISTRICT COURT OVER APPEALS OR WRITS OF ERROR.
103. When there shall be no bond or affidavit filed, the appeal or writ of error shall be considered as abandoned.
104. When no transcript of the record or no certificate for affirmance has been filed in a Court of Civil Appeals at the term of the court to which the appeal or writ of error in which citation has been served is returnable, the appeal or writ of error shall be considered as abandoned, of which the certificate of the proper clerk of the appellate *Page 723 
court, given at the end of said term, that no such case has been filed in said court, shall be prima facie evidence.
105. Rules for the government of the District and County Courts heretofore made and published, shall be superseded from and after the time when these rules shall go into effect.
 RULES OF THE DISTRICT COURT IN APPEALS IN ADMINISTRATION CASES FROM THE COUNTY COURT.
106. Motions to dismiss appeals shall be placed on the motion docket and determined as other motions.
107. Motions for certiorari to perfect the record shall be accompanied by a sworn statement, showing in what particular the transcript is defective, unless it shall sufficiently appear by the record itself. The cost of the motion and additional record, and of the term if it causes a continuance of the case, shall be taxed against the appellant, whose duty it is to have a correct record filed, at the discretion of the court.
108. In appeals from the County Court in cases pertaining to the estates of deceased persons, the transcript shall not contain anything which does not relate to the order, decision, or judgment appealed from. Where the appeal has been taken by the same person from more than one order, decision, or judgment entered of record in the same estate, at the same term of the County Court, all of the preceedings in each appeal being kept distinct, may be embraced in the same transcript.
 RULES GOVERNING IN CRIMINAL CASES IN COUNTY AND DISTRICT COURTS.
109. The clerks of the District and County Courts shall record the proceedings had in their courts in the order of time in which they occur.
110. The record should show, and it should appear in the transcripts of the record for the Court of Criminal Appeals:
First — That the indictment was presented in open court, a quorum of the grand jury being present.
Second — That the defendant pleaded to the indictment, or that a plea was entered for him.
Third — In capital felonies, that the defendant was arraigned and pleaded, or that, upon his refusal to plead, a plea was entered by the court.
Fourth — That the jury trying the cause were impaneled and sworn according to law.
Fifth — That a final judgment was entered in the cause.
111. Transcripts of the record for the Court of Criminal Appeals shall not be incumbered with copies of capiases, bonds, recognizances, subpoenas, attachments for witnesses, or any of the proceedings had on *Page 724 
a former trial, where a new trial has been granted, unless there is some question expressly raised on the trial, with reference to such proceedings, which requires revision in the Court of Criminal Appeals, or in scire facias cases, on appeal or writ of error.
112. In preparing transcripts the following order shall be observed, to-wit:
First — The index, which must refer to the proceedings in the order they appear in the record.
Second — The caption, which shall be as follows: "The State of Texas, County of __________. At a term of the __________ court, begun and holden within and for the county of __________ at __________ on the _____ day of __________, A.D. 18__, and which adjourned on the _____ day of __________, A.D. 18__, the Hon. __________, judge thereof, presiding, the following cause came on for trial, to-wit:
{ The State of Texas, "No. __________ { v. { A. B. __________
Third — The time and manner of the presentation of indictment.
Fourth — The indictment or information.
Fifth — The pleas of defendant.
Sixth — The verdict and judgment.
Seventh — The statement of facts.
Eighth — The charge of the court.
Ninth — The charges refused.
Tenth — Bills of exception.
Eleventh — Motion for new trial, and motion in arrest of judgment, and notice of appeal.
Twelfth — Such other pleas, motions, and orders as are made during the trial of the cause.
Thirteenth — Final judgment [or in a misdemeanor case the recognizance or statement that defendant is in jail].
Fourteenth — Assignment of errors, if any are filed, and request, if any, to send transcript to a branch of the court other than that to which the appeal is returnable.
Fifteenth — Certificate of the clerk, under the seal of the court, which shall certify that the transcript contains a true copy of all the proceedings had in the cause.
113. In preparing the transcript the following directions must also be observed. It shall be written on good paper, on one side only, in a neat, legible hand, free from erasures and interlineations, leaving a margin of sufficient width, in which margin the clerk shall note the name of each proceeding, and the time of its occurring or being filed, and at the left-hand lower corner mark the number of each page. At the end of each paper must be copied the file marks indorsed thereon, *Page 725 
and a space should be left between the record of each separate paper or proceeding.
114. The transcript must be fastened at the upper end with tape or ribbon, and sealed over the tie with the seal of the court, and folded and indorsed as follows:
"A. B., appellant,
 v.
"The State, appellee.
"From __________ County District Court [or County Court], A. D. 18__."
115. The statement of facts must contain a full and complete statement of all facts in evidence on the trial of the cause, including copies of all papers, documents, and exhibits adduced in evidence, also the proof of venue and identification of defendant.
116. The transcript of the record, where defendant has been convicted of a misdemeanor, must be delivered to the party appealing, or his counsel; but if not applied for before the twentieth day before the commencement of the term of the Court of Criminal Appeals to which the appeal is returnable, the clerk shall transmit the same by mail, paying the postage thereon, to the clerk of the Court of Criminal Appeals.
117. The transcripts of the record, where defendants have been convicted of a felony, shall be prepared within twenty days after the adjournment of the court, and sent by mail, postpaid, to the clerk of the Court of Criminal Appeals, at the branch to which the appeal is returnable. But where the defendant or his counsel directs the transcript to be sent to a branch of the court where the term is held before the term to which the appeal is returnable by law, the clerk shall so transmit it, and send with such transcript a certified copy of such order or direction.
118. The clerk shall, immediately after the adjournment of the court at which appeals in criminal cases are taken, make out a certificate, under his seal of office, exhibiting a list of all such cases where the defendant has appealed. This certificate shall show the style of the cause upon the docket, the offense of which the defendant stands convicted, the day on which the judgment was rendered, and the day on which the appeal was taken, which list he shall transmit to the Attorney-General at Austin.
119. It shall be the duty of the district and county attorneys to see that the judgments in criminal cases are properly entered by the clerks, and when practicable they should be present when the minutes are read. *Page 726 
 GENERAL RULES.
1. Any supposed violation of the rules prescribed in the conduct of a cause, to the prejudice of a party, may be reserved by bill of exception, presented as a ground for new trial, and assigned as error by the party who may conceive himself aggrieved by such supposed violation.
2. The foregoing rules shall go into effect and be of force in all the courts of the State to which they are applicable, from and after this date (October 8, 1892); but shall not affect, cases pending in the Supreme Court at the time of the organization of the Courts of Civil Appeals, which cases shall be controlled by the rules for the government of the Supreme Court at the time the appeals in such cases were perfected. Except as to such cases, all former rules are hereby superseded.
CLERK'S OFFICE, SUPREME COURT.
I, Chas. S. Morse, clerk of the Supreme Court of Texas, hereby certify that the foregoing thirty-eight pages contain a true and correct copy of the rules this day adopted by this court for the government of the courts of Texas, together with the order of said court putting said rules into immediate force and effect.
Witness my hand and the seal of said court, this the
[L. S.] 8th day of October, A.D. 1892.
CHAS. S. MORSE, Clerk.
 *Page 1