## S. H. LONDON ET AL v. PILAR V. CROW.

Decided April 24, 1907.

**1.—Cancellation of Deed—Duress of Married Woman.**

In a suit by a widow to annul a deed to her homestead executed during the lifetime of her husband on the ground of fear of her husband, the following charge was given: "If you believe from the evidence that the plaintiff was induced by threats or acts of the husband to sign the said deed, and that she signed the same unwillingly, but you believe from the evidence that she acknowledged before the notary that she executed the same willingly, as required by law, and further believe from the evidence that the said Storms and Look and London had no notice of her unwillingness, if any, to execute said deed, then and in that event your verdict must be for the intervenor, Look, as to all such property, if he is not owner of all, and if not, as to such part as you believe he acquired and owns." Held, not subject to the objection that it prevented a verdict for defendants if they knew of the unwillingness of the wife before the deed was executed, and not at the time the deed was executed; nor to controvert the proposition that the acknowledgment of a married woman together with the delivery of the deed, passes the title; and that the use of the word "not" was a self evident error and therefore harmless.

**2.—Charge—Harmless Error.**

A charge which permits the jury to find against a defendant as to a certain interest in the land in controversy only in the event they find that a codefendant was interested in the same, could not have prejudiced such defend-

ant when his said codefendant had disclaimed all interest, and the verdict of the jury was against the defendant for the entire property.

### 3.—Bill of Exception—Filed too Late.

The provisions of the statute which permit an Appellate Court under certain circumstances to consider a statement of facts filed after twenty days from adjournment, have no application to bills of exception.

### 4.—Same—Right to Bill of Exception.

Even though it appears that a party made proper effort and used due diligence to obtain a bill of exception and was therefore entitled to a bill, still unless it appears that the party duly excepted to the ruling complained of in the bill the refusal to give the bill was harmless.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Patterson, Buckler & Woodson* and *M. W. Stanton,* for appellants.

*Patterson & Wallace,* for appellee.

JAMES, CHIEF JUSTICE.—The suit was brought by Pilar V. Crow, widow of A. D. Crow. The fourth amended petition declared against S. H. London, D. Storms and George Look (the latter being an intervenor) and alleged that plaintiff and A. D. Crow, her husband, on December 5, 1902, owned the lot in question which was their homestead and situate adjacent to the Union Depot since erected, that plaintiff was aged and ignorant, and her husband was aged and intemperate and in feeble physical and mental health and easily influenced and imposed upon; that he was at that time abusive and dangerous and calculated to do bodily harm to plaintiff when crossed by her, which facts were well known to defendants.

That defendants Storms and London acting for themselves and as agents for Look, for the purpose of defrauding plaintiff and her husband out of said property, and knowing that plaintiff did not desire to sell same, went to her husband with an offer of $1,000 and at the same time persuaded her to believe it was a reasonable price therefor, and on account of D. Crow's mind he was induced to agree to sell the property to them, and to execute a deed in the name of S. H. London therefor reciting a consideration of $1,500 cash, on or about November 25, 1902. That plaintiff refused to execute the deed, whereupon her huband became angry and informed her that if she did not sign and acknowledge and deliver possession he would do her bodily harm or take her life; that from that time up to December 5, 1902, her husband in conjunction with defendants continued to attempt to force and coerce her into signing, and repeatedly threatened her with serious bodily harm if she did not comply; that again on December 5, 1902, her husband told her that if she persisted in refusing to sign he would take her life, and that in order to pacify him and to save herself from serious bodily injury, which she believed and had reason to believe would befall her, she left her home and went to a house near by, and that night Storms and London came to plaintiff with a notary and asked her to sign, and acting under fear of her husband's threats, as well as fear from defendants

she signed the deed by making her mark, at the same time informing London, Storms and the notary that the same was not her free act and deed.

Then follow averments at length, which lead up to the averment that said deed and acknowledgment are not binding, because it was not read to her by the notary, was not signed by her freely and voluntarily, and she was not informed of her rights in the premises, but was coerced and compelled to do so by her husband and defendants under a fear at said time that if she did not execute the deed, her husband would either kill her or do her serious bodily injury, all of which was known to the defendants, and that her signature and acknowledgment were obtained by such fear and threat and by a fraudulent combination on the part of her husband and the defendants and the notary. There was an allegation that Storms was plaintiff's attorney, having been employed by her to prevent her being forced to execute a similar deed on a prior occasion, and that while still so acting as her attorney he engaged in this transaction. The prayer was for a cancellation of said deed and the removal of the cloud created upon her title by the claim of defendants, etc.

The defendant Storms entered a disclaimer. Defendant London pleaded a general denial and also a cross petition in trespass to try title. The defendant Look filed a general denial and a special answer alleged the execution of the deed to London for the purpose of transferring the title to London for the benefit of Look who was in fact the purchaser under arrangements had with London, and that he bought the property through London in good faith, paying the reasonable value of same, without any knowledge on his part of any unwillingness of plaintiff to sell, and without knowledge of any coercion exerted upon her to do so, or of any of the facts alleged by plaintiff. That both plaintiff and her husband prior to his death recognized the title of London and the deed, and ratified and confirmed same and were estopped from setting up fraud or undue influence in its execution. Also that London to carry out his agreement with this defendant (intervener) deeded the property to Look.

There was a verdict "for the plaintiff against all of the defendants and the intervener George Look for all property in question," and a decree accordingly.

The charge the court gave is a very lengthy one and to its alleged imperfections counsel for appellants devote most of their brief.

The first assignment of error attacks the fourth paragraph which reads as follows: "If you believe from the evidence that the plaintiff was induced by threats or acts of the husband to sign the said deed . . . and that she signed the same unwillingly, but you believe from the evidence that she acknowledged before the notary Flores that she executed the same willingly as required by law, and further believe from the evidence that the said Storms and the said Look and London had no notice of her unwillingness, if any, to execute said deed, then and in that event your verdict must be for the intervener Look as to all such property, if he is *not* owner of all, and if not, as to such part as you believe he acquired and owns."

The proposition attacking this charge applies mainly to its own language, without any reference to the remainder of the instructions. The first proposition is that the fact that Storms, London and Look, or either of them may have known *before* the time of the execution of the deed, that she was not willing so to do, would not have precluded a verdict in favor of defendants and intervener. While this proposition is true there is nothing in the above charge that is against it. The second proposition is that as "the fact of acknowledgment of a married woman together with the delivery of the deed passes the title and not the act of signing, the charge is therefore erroneous." The testimony shows that the act of signing of the deed, by the notary writing her name and she touching the pen, and the act of acknowledgment, occurred at the same time, hence there is nothing in the proposition. The third proposition seems to be that the use of the word *not* in the charge complained of obscured it; but that was an inadvertence that a reading of the charge would correct. Again it is pointed out that other paragraphs of the court's charge direct the jury under similar conditions of finding to find for Look for all the property, which is the basis of a criticism that the charges conflicted. But inasmuch as the finding of the jury was against Look for the entire property, it is not perceived how appellants were prejudiced in this regard; and this view disposes likewise of the propositions presented under the second assignment of error.

The third assignment of error complains of the seventh paragraph of the charge by which the jury was told that the undisputed evidence showed that Storms acted as Look's agent in the transaction, "but it is for you to determine whether or not Storms was plaintiff's attorney at the time and as to whether or not he was acting solely as the agent of Look, or whether he purchased said property jointly for himself and Look, or for the said Look alone;" and the fourth assignment complains of the seventh and eighth paragraphs of the charge which submitted the issue of whether or not Storms was acting as her attorney in this matter, because, as appellant alleges, the testimony went no further than to show that Storms was her attorney in a previous and separate matter and not this matter and that in this transaction he was not her attorney.

We think appellant is correct in the contention that the evidence does not show that Storms was her attorney in the sale complained of here, and that such an issue was not in the case. Appellant cites from the testimony of plaintiff herself showing this condition of the evidence, and appellee refers to none that tends to show the contrary, and our conclusion after reading plaintiff's testimony is as above stated. But the said charges only allowed said issue to govern the result in so far as the jury believed from the evidence that Storms became interested in the property, if at all, and did not allow said issue to affect the interest of Look whether it was part or all. Inasmuch as Storms filed a disclaimer, he certainly was not affected by the submission of that issue, nor was Look as his interest was protected against such issue for any interest he owned. All

the evidence shows that Look took an interest, and as the verdict was against him as to the entire property, it is evident said issue was not the one which influenced the verdict.

The fifth assignment complains of the following requested instruction given for plaintiff: "You are instructed that the undisputed evidence in this case shows that London was the agent for defendant Look in the purchase of said property, and that if said London and Storms, or either of them knew before the execution of said deed of Crow and wife to London, that Mrs. Crow was compelled to sign said deed through fear of her husband, or at the time said deed was signed by her the notary failed to fully explain said deed, if he did, or failed to take her acknowledgment as required by statute, if he did, as has been heretofore explained to you in the main charge, then and in that event, you are instructed that the knowledge of said facts by Storms and London would be binding on Look." Because, 1st, obscure and misleading; 2d, because it assumed that Mrs. Crow was compelled to sign the deed through fear of her husband; 3d, it assumes that the matters it refers to were facts; and 4th, it gave undue prominence to the issues therein referred to, the same having been repeatedly presented in the main charge. There was nothing obscure about the charge. It does not assume that plaintiff was compelled to sign through fear of her husband, nor any other fact than that stated from the undisputed evidence, and we think it did not involve any undue repetition.

The sixth assignment complains of the second special instruction asked by plaintiff as follows: "You are instructed that when a man and wife contract to sell their homestead, the wife has the right up to the last moment before her privy acknowledgment is completed to retract said sale or conveyance of her homestead and thereby defeat the sale." Viewed in connection with the other charges as to notice to the purchaser, this charge was not misleading, nor do we think it involved any objectionable repetition. The same is true of the seventh. Under the assignment an additional proposition is advanced which is not embraced within the scope of the assignment. The matter presented by the eighth assignment is immaterial in view of the fact that the verdict was against Look for all the property. We think the second paragraph of the main charge is not subject to the criticisms made in the ninth assignment. Nor, in view of what has been said in this opinion, and in view of the fact that appellant does not show that any instructions were asked in reference to duress and notice more fully defining these subjects, do we think the assignments from ten to sixteen inclusive, well founded. We may call attention to the fact that thirty propositions are advanced in appellants' brief under the sixteenth assignment of error, which assignment reads as follows: "The entire main charge of the court when taken in connection with the supplemental charge of the court and the instructions asked by the plaintiff, and given, is argumentative, obscure, confusing and contradictory, and upon the weight of the evidence, and calculated to and evidently did mislead the jury, and does not submit the issues so as to distinctly separate the question of law from the questions of fact, as provided by the

statute, and did not submit all the controverted questions of fact solely to the decision of the jury and is, therefore, erroneous and prejudicial to the rights of the defendants and especially to the rights of the intervener, Look." We conclude that the charge of the court was not argumentative, obscure, confusing and contradictory, nor upon the weight of evidence, and does not confuse issues of law and of facts, and if it did not submit all the issues, special charges were necessary to enable appellant to complain in that respect. Inasmuch as the evidence did not show that Storms was plaintiff's agent in the transaction the ninth and similar propositions under said sixteenth assignment are without any real foundation. The twelfth and similar propositions under this assignment do not take into consideration the fact that the jury found against Look for all the property. The twenty-fourth, twenty-fifth and twenty-sixth propositions under the same assignment attack again the special charges given at plaintiff's request, and were the subjects of previous assignments. The charges were not erroneous. The effort of appellant under the sixteenth assignment seems to be a repetition and elaboration of points presented under the preceding assignments.

A motion was filed in this court by appellee to strike out a bill of exceptions which was filed long after twenty days after adjournment of the trial court. The provision of the statute which under certain conditions, permits us to consider a statement of facts filed after twenty days from adjournment, does not extend to bills of exceptions. The bill therefore, can not be considered for any purpose.

We are inclined to think, however, that the showing made in the record concerning appellant's efforts and diligence to obtain a bill of exceptions in due time, that is, within the twenty days, was sufficient, and upon this ground appellant asserts the right to a reversal of the judgment. The subject-matter of the bill was the action of the judge in suppressing a deposition of plaintiff, taken ex parte. It appears from the record that this deposition was filed on December 12, 1904, and on December 19, 1904, plaintiff filed a motion to suppress it, which motion was heard and sustained on June 26, 1905; and that the next day appellants made a motion to set aside this order, and this was overruled. The trial at which the judgment appealed from was rendered, did not occur until June, 1906. Now it appears that the ruling to which the bill of exception relates took place several terms previous to the trial, and it does not appear of record that any exception was reserved to that ruling, at the term when made, or at any other term.

It seems to us that in order to induce this court to reverse a judgment because of the failure of a party through no fault of his to obtain a bill of exceptions, it must be made to appear that conditions existed which admitted of his right to a bill on the particular subject. This right could not exist unless appellants made timely exception to the ruling complained of. The bill which was signed by the judge and filed after the twenty days is inoperative and is not a part of the record proper, and can not be looked to to determine whether or not the exception was reserved. It can serve

no purpose in showing what the proceedings were. If the orders entered by the court in reference to the deposition were made a part of the record they might have shown that exceptions were taken. But those orders, if as they are set forth in the bill of exceptions, show no exception reserved. It was certainly incumbent on appellants, if they desired this court to reverse the judgment on account of having been improperly deprived of a bill of exceptions, to show affirmatively that they were entitled to a bill, and to do this, it was necessary for them to show by proper means, that they had in fact duly excepted to the ruling complained of. For the above reasons we can not sustain any of the assignments, numbers 17 to 24.

We overrule assignments 25 to 27 as we conclude there was testimony by which the jury were authorized to find the facts averred by plaintiff with reference to the execution of the deed, and the state of the testimony was not such as rendered it imperative that a verdict should have been returned against plaintiff.

The 28th relates to certain hearsay testimony which, however, had reference to a previous and independent transaction, and besides, the testimony was of no consequence.

There is nothing of the character of a proposition submitted under the 29th assignment.

The 30th assignment charges error in the admission of certain testimony over the objection that the same was "hearsay, immaterial and irrelevant and not admissible for any purpose." No such grounds of objection are disclosed on the pages of the statement of facts to which the brief refers us.

The 31st we overrule because we think the court properly held that the allegations of the petition were sufficient to admit the testimony complained of.

The brief shows that the court excluded the evidence complained of by the 32d assignment.

We have been unable to find from the references in the brief any such testimony by S. H. Wilson as that complained of in the 33d assignment.

We perceive nothing in the nature of a proposition in connection with the 34th, and we overrule the 35th because it can not be said that the testimony it refers to affected the proper consideration of the issues. Judgment affirmed.

*Affirmed.*

Writ of error refused.