STRINGER et al. v. ROBERTSON et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 14, 1911. Rehearing Denied Nov. 11, 1911.)

1. PLEADING (§ 218*)—SPECIAL EXCEPTIONS— DISMISSAL.

Where the special exceptions going to the omission of important allegations of the petition are sustained, and there is no request for leave to amend, it is not error to sustain general demurrers to the sufficiency of the petition and dismiss it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. § 218.*]

2. JUDGMENT (§ 138*)—DEFAULT JUDGMENT— VACATION—GROUNDS—ABSENCE OF COUNSEL.

A default judgment will not be set aside on the ground of the inexcusable failure of defendant's attorney to put in a defense, unless plaintiff caused the neglect of duty.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251; Dec. Dig. § 138.*]

3. JUDGMENT (§ 460*)—DEFAULT JUDGMENT— EQUITABLE RELIEF—PLEADING.

A bill to review a default judgment and for new trial, which alleges that the judgment was the result of false testimony, but which does not specifically state by whom the same was given, nor set out the same in detail, is defective.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879–891; Dec. Dig. § 460.*]

Appeal from District court, Delta County; T. D. Montrose, Judge.

Petition by Eliza Stringer and others to review a judgment in favor of S. E. Robertson and another, and for a new trial. From a judgment denying relief, relators appeal. Affirmed.

J. M. Crook and Newman Phillips, for appellants. J. L. Young, for appellees.

BOOKHOUT, J. On December 30, 1907, S. E. Robertson, joined by her husband, W. N. Robertson, as plaintiffs, filed their original petition in trespass to try title against Mrs. Eliza A. Stringer in the district court of Delta county. No citation was issued or served on Mrs. Stringer, and on April 16, 1909, she conveyed the land described in the petition to Rebecca J. Tinnin and Naoma Johnson. On May 4, 1909, plaintiffs filed

---

their amended petition making Rebecca Tinnin and G. R. Tinnin, her husband, and Naoma Johnson, parties to the suit, and, in addition to the allegation of trespass to try title to the land in controversy, alleged that said land was the community property of Eliza A. Stringer and Benjamin F. Stringer, and that Mrs. S. E. Robertson, one of the plaintiffs, and Mrs. G. R. Tinnin, one of the defendants, were the children and only heirs at law of the said Eliza A. Stringer and B. F. Stringer, and that Benjamin F. Stringer was dead, that Eliza A. Stringer had abandoned the land, which was situated in Delta county, Tex., and had moved to Oklahoma and was residing with the defendant; that said Eliza A. Stringer was old and feeble and enfeebled in mind, and not mentally capable of attending to the ordinary affairs of life, and that defendant by undue methods and influence induced her to deed the lands in controversy to her daughter, Mrs. Tinnin, and to her granddaughter, Naoma Johnson, without any consideration whatever; and that the mental condition of Mrs. Stringer was such that she did not comprehend the nature and result of her act and deed, and it was not in fact her act and deed. Judgment was rendered in the cause for plaintiffs for one-half the land sued for at the October term, 1909, and the land partitioned among the parties.

On the 18th of December, 1909, more than six weeks after the end of the term at which the judgment was entered, Eliza A. Stringer, Rebecca J. Tinnin, G. R. Tinnin, and Naoma Johnson filed in said cause their petition to review the judgment and for a new trial, alleging that as to relator, Eliza A. Stringer, no service of citation had been had upon her, and that she had not appeared in person or by attorney in said court in said cause, and that said judgment had taken from her her property without due process of law. Relators Rebecca J. Tinnin, G. R. Tinnin, and Naoma Johnson in said bill of review alleged that, while they had been served in due time in said cause, they had not appeared and defended for the reason that they had employed one S. E. Hurt, a lawyer duly licensed to practice in all the courts of Texas, to conduct their defense, had advised with him, and put him in possession of the necessary facts, and that judgment by default went against them by reason of the false representation of their said attorney and fraudulent conduct of their said attorney, in this: that upon appearance day in said court said relators appeared from the interior of Bryan county, Okl., to the railway station at Durant, Bryan county, purchased tickets for Cooper, Tex., in order to appear and defend said suit, but their said attorney at said time and place came to them and falsely and fraudulently advised them that said cause would be transferred to the United States court, and would not stand for trial at Cooper, Tex., and that said cause had been continued for the term at Cooper, Tex., when, in truth and in

fact, the said cause had not been continued at Cooper, and said attorney knew said cause had not been continued, and that said relators relied upon said statements of their attorney that they were poor, ignorant country people, were unused to courts and the procedure therein, and but for such fraudulent and false statements of their said attorney would have appeared and defended their suit; alleging, further, that they had a meritorious defense in, this: that plaintiffs were not at the time of said suit, and at no time prior thereto, vested in any title to the Stringer pre-emption survey; that said survey was the separate property of Eliza A. Stringer; that Eliza A. Stringer was of sane mind, and that she had full capacity to attend all the ordinary affairs of life, and that no undue influence had been used upon her, the said Eliza A. Stringer; that false testimony had been given in the trial of said cause to the effect that said Stringer pre-emption survey was the community property of Eliza A. and Benjamin F. Stringer, and to the effect that undue influence had been used, and that the district court of the Sixty-Second judicial district had been misled by said false testimony in rendering judgment, adjudging said Stringer pre-emption to be community property, and in adjudging that undue influence had been used; that said false testimony so given upon the trial of said cause misled the court into adjudging that the plaintiffs Robertson and wife were entitled to one-half of the B. Philly survey, when in truth and in fact the said plaintiffs were entitled to judgment for only one-fourth of the said B. Philly survey, if to any part of said survey. The bill of reveiw coming on to be heard, the court sustained special demurrers as to the allegations of Tinnin and wife and Naoma Johnson, and overruled the demurrer as to Eliza A. Stringer, and upon further hearing the court rendered judgment against relator, Eliza A. Stringer.

The facts show that: On December 13, 1909, and some six or seven weeks after the adjournment of said term of court, at which judgment was rendered, relators filed a "motion to review the judgment"; that at the following March term, 1910, of the court, exceptions were sustained to all the said motion, except as to the allegations of the relator, E. A. Stringer. On October 3, 1910, relators filed their "first amended bill of review," and exceptions were again sustained to the same, except as to the allegations of the relators, E. A. Stringer, and then both sides announced ready for trial on the merits of the allegations of the relator, E. A. Stringer; and, after hearing the evidence, the court found that the relator, E. A. Stringer, is of sound mind, and that she had conveyed all of her interest in the lands involved in the suit to the other relators on April 16, 1909, prior to the filing of plaintiffs' said amended petition, and that thereafter she had no interest in the land.

[1] The defendants appeal and assign as error the court's action in sustaining the general demurrers to the sufficiency of the allegations in their petition for bill of review. The trial court had sustained certain special exceptions to the bill, which exceptions went to the omission of important allegations, and, these exceptions having been sustained, a general demurrer to the whole bill was sustained. The special exceptions having been sustained, and relators not having requested leave to amend, there was no error in sustaining the general exception and dismissing the bill.

Appellants allege that they had employed one S. E. Hurt, a lawyer duly licensed to practice in all the courts of Texas, to conduct their defense, had advised with him, and put him in possession of the necessary facts, and that judgment by default went against them by reason of the false representation of their said attorney and fraudulent conduct of their said attorney, in this: that upon appearance day in said court said relators appeared from the interior of Bryan county, Okl., to the railway station at Durant, Bryan county, purchased tickets for Cooper, Tex., in order to appear and defend said suit, but their said attorney at said time and place came to them, and falsely and fraudulently advised them that said cause would be transferred to the United States court, and would not stand for trial at Cooper, Tex., and that said cause had been continued for the term at Cooper, Tex., when in truth and in fact the said cause had not been continued at Cooper, Tex., and said attorney knew said cause had not been continued, and that said relators relied upon said statements of their attorney that they were.poor, ignorant country people, were unused to courts and the procedure therein, and but for such fraudulent and false statements of their said attorney would have appeared and defended their suit. It was not alleged that the plaintiffs had in any way induced the defendants' attorney to make these statements, or knew of said statements. It was shown that a petition had been filed for the removal of the case from the district court of Delta county to the federal court, but the bond required by the statute had not been filed. The plaintiffs filed a motion to dismiss the petition for removal, which was sustained by the court, and the petition was · dismissed . and judgment rendered for plaintiffs by default, and a writ of inquiry awarded. It not appearing that the plaintiffs had in any way induced the statements made to plaintiffs by their attorney, or had any knowledge of the same, the court did not err in holding the bill defective.

[2] It is held that, where the judgment is by default, it is no ground for a new trial that the attorney spoken to by defendant had failed to put in a defense, unless it also appears that plaintiff had in some way caused the neglect of duty. Scrivner v. Malone, 30 Tex. 774. See, also, Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870; Wilson v. Smith, 17 Tex. Civ. App. 193, 43 S. W. 1086; Weaver v. Vandervanter, 84 Tex. 691, 19 S. W. 889; Harn v. Phelps, 65 Tex. 592. In the case of Johnson v. Templeton, 60 Tex. 238, the court said: "Where the final judgment of a court of competent jurisdiction has been once solemnly pronounced, it ought not to be lightly disturbed. It is alike the interest of individual suitors and of the public at large that there should be at some period an end put to litigation. * * * It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that this result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case. The relief will not be granted unless the party seeking it can show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident, or acts of the opposite party, wholly unmixed with any fault or negligence on his part." In the case of Harn v. Phelps, supra, the court said: "If the judgment, now complained of, did not secure to the appellant her fair and equal share of the property for which she sued, that alone would furnish no sufficient reason for granting the relief now sought. Such result must often occur in the administration of laws necessarily imperfect, through instruments no better than the laws they execute, but when, in the exercise of lawful power, a court has rendered a final judgment, it must be held conclusive between the parties thereto, except in a proceeding appellate in character, unless some ground, other than that it is probably unjust is shown, and which under the settled rules of law is deemed sufficient to authorize a court of equity to re-examine. Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 413." In the case of Weaver v. Vandervanter, supra, the court said: "Again, the relief here sought will be granted only when the complainant has suffered from fraud, accident, or mistake, unmixed with negligence on his part. Harn v. Phelps, 65 Tex. 592; Plummer v. Power, 29 Tex. 7." In the case of Browning v. Pumphrey, supra, the court said that: "Before the term began, attorney for the defendants had sought to make an agreement with attorneys for plaintiffs to continue the cause for the term at which it was disposed of, but such an agreement was refused. * * * Judgments, whether of dismissal of a cause or upon the merits, cannot in effect be set aside on the ground of absence of attorneys when their failure to be present is purely the result of negligence or indifference to the interest of clients. The attorneys who were expected to try the cause show no reason why they were not present,

but other counsel employed do show that their failure to attend court was caused by the just and well-founded expectation on their part that other counsel would be present." Again, the bill does not allege or show that appellants' attorneys were not present at the trial. It does allege that the appellants were not present in person by reason of the advice of one of their attorneys, but does not allege that neither attorneys Hurt nor Stein was present.

[3] Again, the appellants allege that the judgment was the result of false testimony given at the trial, but does not specifically state by whom such testimony was given, or set out the same in detail. In this respect we think the bill defective.

Finding no reversible error in the record, the judgment is affirmed.