## HUNT v. ZIEGLER et al. (No. 7314.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 17, 1924.)

**I. Appeal and error ⚖=>655(2) — Stricken, where filed more than 90 days after time when appeal was perfected.**

Bills of exception would be stricken from record in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2073, where not approved and filed in trial court until more than 90 days after time when appeal was perfected.

**2. Appeal and error ⚖=>537—Exceptions, bill of ⚖=>40(2)—Appellate court cannot recognize bills of exception filed out of time, nor permit filing beyond the time.**

Appellate court cannot recognize bills of exception filed out of time, nor has it power to permit a filing of bills of exception beyond time permitted by statute.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action between William Ziegler and others and Jesse R. Hunt. Judgment for former, and latter appeals. On motion to strike out bills of exception. Motion granted.

Birkhead, Lang & Beckmann, Barrett & Barrett, and Hitzfeld & Lynch, all of San Antonio, for appellant.

Carter & Lewis and McCollum Burnett, all of San Antonio, for appellees.

FLY, C. J. The supersedeas bond of appellant was filed on July 10, 1924, and the bills of exception were not approved and filed in the trial court until October 11, 1924; more than 90 days having elapsed between July 10, when the appeal was perfected, and the filing of the bill of exceptions on October 11, 1924.

[1, 2] Article 2073, Vernon's Sayles' Civil Statutes, provides that bills of exceptions must be filed within 30 days after adjournment of the trial court or within the time of extension by the trial judge. Under that article a statement of facts filed at any time before the time for filing the transcript in the appellate court shall have expired shall be valid, and for good cause shown it may even be filed at a time later than that. No such rule applies to bills of exceptions. An appellate court cannot recognize bills of exceptions filed out of time, nor has it the power to permit a filing of bills of exception beyond the time permitted by the statute. This is the settled rule in Texas. Criswell v. Robbins (Tex. Civ. App.) 152 S. W. 210; London v. Crow, 46 Tex. Civ. App. 190, 102 S. W. 177; Pearce v. Knights of Honor (Tex. Civ. App.) 190 S. W. 1156; Railway v. Vick (Tex. Civ. App.) 210 S. W. 247; City of Aransas

Pass v. Hose Mfg. Co. (Tex. Civ. App.) 227 S. W. 330.

The bills of exception will be struck from the record.