not change her rights. The husband selected the homestead and the exemption thereof accrued by virtue of the Constitution and statutes and the surviving widow is entitled thereto regardless of the extent of the improvements thereon. Any other rule would require the widow to waive her right to compensation for improvements made with her funds on the separate lands of the husband as 'a condition precedent to her right to continue to occupy it as the family homestead. The Constitution prescribes no such conditions. Constitution, art. 16, sec. 52, Vernon's Ann.St.

It follows from what has been said that the trial court erred in refusing to allow the widow the right to establish her claim for the improvements.

The judgment of the trial court is reversed and the cause remanded for a new trial.

of the evidence and argument, but before rendition of judgment, plaintiff asked permission to amend his pleadings. The court refused plaintiff permission to amend, sustained the general demurrer and dismissed plaintiff's cause of action. Such action was erroneous. When the demurrer was sustained, plaintiff had the right to amend his petition and plaintiff's case should not have been dismissed unless he failed or refused to do so. Polk v. Almindinger, Tex.Civ. App., 243 S.W. 682, 684; Houston Transfer & Carriage Co. v. Whitcomb, Tex.Civ. App., 147 S.W. 358, 359; Western Union Telegraph Co. v. Ashley, Tex.Civ.App., 137 S.W. 1165; Hunt v. Ziegler, Tex.Civ.App., 267 S.W. 332, 333; Stevens-Etter Co. v. Grain Juice Co., Tex.Civ.App., 285 S.W. 667, 669; Harris v. Higden, Tex.Civ.App., 41 S.W. 412; Boren v. Billington, 82 Tex. 137, 18 S.W. 101; Gulf, C. & S. F. Ry. Co. v. Preston, 74 Tex. 181, 11 S.W. 1108; 33 Tex.Jur. 595. Also see, Crazy Water Co. v. Cook, Tex.Civ.App., 140 S.W.2d 878, writ refused.

The judgment is reversed and the cause remanded.

## SMITH v. HOOD.

### No. 2036.

Court of Civil Appeals of Texas. Eastland.

Sept. 20, 1940.

## ALEXANDER et ux. v. FULLWOOD et al.

### No. 2383.

Court of Civil Appeals of Texas. Waco.

Oct. 17, 1940.

R. W. Webb, of Snyder, for appellant.
C. F. Sentell, of Snyder, for appellee.

GRISSOM, Justice.

Plaintiff has appealed from a judgment dismissing his case. The case originated in the justice court and plaintiff's pleadings were oral. The record reveals defendant demurred to plaintiff's petition. The court deferred action thereon. After conclusion