EARLE  C.  DODDS  INC.  *vs.*  BOSTON  CASUALTY  COMPANY.

Worcester.   September 23, 1940. — January 13, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Insurance*, Issuance of policy, Assignment of policy, Oral insurance.

An action upon a written policy of casualty insurance issued to one who
died after the stated date of the policy could not be maintained where
the policy provided that it was not to be binding until countersigned
and it was not drawn until after the death.

An action could not be maintained by an alleged assignee of an oral
contract to insure in advance of and in expectation of the issuance
of a policy of insurance where the assignment by the insured had refer-
ence only to the policy.

CONTRACT.   Writ in the Superior Court dated March 10,
1937.

The case was tried before *T. J. Hammond*, J., and there
was a verdict for the plaintiff in the sum of $2,480.  The
defendant alleged exceptions.

*W. J. Bannan,* for the defendant.

*W. A. Murray,* for the plaintiff.

LUMMUS, J.   The defendant, by a policy of the sort described in *Alecks's Case,* 301 Mass. 403, dated March 15, 1935, purported to insure for one month one Guerino Lucarelli, an employee of the plaintiff, in the principal sum of $2,000 "against bodily injuries caused solely and directly by accidental means."   The term of the policy could be extended month by month with the consent of the insurer by payment of further monthly premiums.   In case of loss, the insurer was to make specified payments according to the severity of the injuries and the period of disability.   For death as a result of such injuries the whole principal sum was payable.   By assignment dated March 8, 1935, Lucarelli purported to assign his rights in the "within Policy" to the plaintiff, with the consent of the insurer.

During the year 1935, Amos A. Fontaine was an agent of the defendant "for the transaction, within his apparent authority as its acknowledged agent, of all business which it is authorized to do in this Commonwealth."   George W. McMann became such an agent on March 20, 1935.   But an officer of the defendant described them in his testimony as subagents for a general agent of the defendant in Boston.

Early in February, 1935, the plaintiff consulted Fontaine about insurance, saying that it could not obtain workmen's compensation insurance at a reasonable rate because of the prevalence of "occupational diseases" in its quarrying business.   See *Sullivan's Case,* 265 Mass. 497.   On March 7, 1935, Fontaine and his associate McMann told the plaintiff that they could furnish a policy for $2,000 with $18 a week for disability, or a policy of $3,000 with $15 a week for disability.   The plaintiff said that it preferred the latter, because that would give it greater protection against death claims.   The plaintiff paid Fontaine the monthly premiums for policies of the sort it preferred for a number of workmen, including Lucarelli.   Applications for policies of the defendant, to be signed by the workmen, and also assignments of the policies by the workmen to the plaintiff, to be signed by the workmen, were made out.   These were

taken the next day to Connecticut, where the workmen were, were signed by the workmen, including Lucarelli, and were mailed to Fontaine at his office in Whitman.

About March 14, 1935, to take the date most favorable to the plaintiff, Fontaine and McMann told the plaintiff that they could not obtain the form of policy that it desired, because the defendant would not issue a policy larger than $2,000 with a payment for disability as low as $15 a week. The plaintiff said it would accept a policy of $2,000 with $15 a week for disability. That policy cost less than the other was expected to cost. Fontaine and McMann said they would go back to the defendant and report, that the plaintiff would get the policy in a few days, and that the plaintiff would be covered from March 7, the day it paid the premiums. About March 24, 1935, Fontaine and McMann delivered the premiums, the applications and the assignments to the defendant. As signed by the several workmen, including Lucarelli, the applications asked for policies with a principal sum of $3,000, but someone in the office of the defendant changed the amount to $2,000. The policies were dated back to March 15, 1935, and with the assignments were sent to the plaintiff "a few days after March 22, 1935," and evidently not earlier than March 24, 1935.

In the meantime, on March 20, 1935, Lucarelli was killed by accident while working in Connecticut. On March 22, the plaintiff told Fontaine and McMann of the accident and death. They said they would make an immediate report to the defendant, but evidently they did not do so. On April 17, 1935, the plaintiff wrote Fontaine and McMann about the accident and death, and said: "we want you to consider this proof covering the loss and any sworn statements to this effect that are needed, kindly let us know so we can furnish them." There was no evidence that the defendant, as distinguished from Fontaine and McMann, knew of the accident or death until after July 9, 1935.

The declaration in the present action is based upon the written policy dated March 15, 1935, and the assignment of it to the plaintiff dated March 8, 1935, and not upon any oral contract of insurance between the defendant and

the plaintiff.   One of the two grounds upon which the defendant's motion for a directed verdict in its favor was based, was that "there was no binding contract between the parties."   There was no written policy in existence on March 20, 1935, the day upon which Lucarelli was killed. When the policy was written, it was dated back to March 15, 1935.   But the policy provided that it was not to become binding until countersigned, and it was not even drawn before March 24, 1935.   At that time, Lucarelli was not living, and could not accept the insurance, become a party to a contract, or assign any rights to the plaintiff. There was no policy that constituted any valid contract which the plaintiff could enforce as assignee.

But the plaintiff contends that it had a valid oral contract of insurance with the defendant upon which it was entitled to recover, without regard to the written policy. The trial judge permitted the plaintiff to obtain a verdict, possibly upon the theory of an oral contract.   The defendant's motion for a directed verdict was not based upon the pleadings.   Under these circumstances the denial of that motion will be supported if it was right upon the evidence, and the defendant cannot show error in that denial by pointing out that the pleadings were insufficient to present the theory of an oral contract.   *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385.   *Allen* v. *Kilpatrick*, 277 Mass. 237, 241.   *Gallo* v. *Foley*, 299 Mass. 1, 6.   *Boettjer* v. *Clark*, 305 Mass. 59.

We assume without deciding that at all times in March, 1935, Fontaine had authority to bind the defendant temporarily by an oral contract of insurance in advance of and in expectation of the issuance of a written policy, even though the defendant had a right to refuse the application for a written policy.   *McQuaid* v. *Aetna Ins. Co.* 226 Mass. 281.   *DeCesare* v. *Metropolitan Life Ins. Co.* 278 Mass. 401. *Shumway* v. *Home Fire & Marine Ins. Co.* 301 Mass. 391. The only oral contract of which there was evidence was contained in the conversation of March 14, 1935, in which Fontaine and McMann told the plaintiff that it would be covered from March 7, 1935.   That oral contract, construed

in the light of the circumstances, was to furnish insurance of the sort applied for, with a term beginning on the day named. Lucarelli, not the plaintiff, was to be the insured, and the plaintiff had to acquire its rights, if it was to have any, by assignment or designation as beneficiary from Lucarelli. Lucarelli never made any assignment or designation after this oral contract was made, nor any at any time which had reference to this oral contract, and the plaintiff never became entitled to receive the proceeds of any such oral contract of insurance. As to the possible technical cause of action of the plaintiff for nominal damages for refusal to issue a policy to Lucarelli in accordance with the oral contract, which neither party has mentioned, it is enough to say that there is no evidence of such a refusal. The defendant's motion for a directed verdict in its favor should have been granted.

*Exceptions sustained.*
*Judgment for the defendant.*