**HARMON v. CITY OF DALLAS.**

No. 14161.

Court of Civil Appeals of Texas.
Dallas.

April 7, 1950.

Rehearing Denied May 5, 1950.

Burt Barr and J. Lee Zumwalt, both of Dallas, for appellant.

H. P. Kucera, City Attorney, and H. Louis Nichols, Assistant City Attorney, both of Dallas, for appellee.

YOUNG, Justice.

The opinion of this Court of a former day reversing and remanding above cause is set aside and withdrawn; and in lieu thereof we now file the following opinion of affirmance, Justice CRAMER dissenting:

Appellant's trial petition (first amended original) was in nature of a mandamus to require the City to rezone one of his suburban lots from a present residential status to local retail 1; and, ancillary thereto, for mandatory order requiring appellee to issue permit authorizing construction of a business building (drugstore) on said lot. Defendant interposed a motion to dismiss suit, charging generally that the pleading was "insufficient in law and fails to state a cause of action," but followed with particulars and specific grounds. On hearing, the motion was sustained with judgment of dismissal, which ruling is here appealed from.

Aforesaid motion complained, in effect, of insufficiency and defects of petition, viz.: A failure (1) to negative by positive averments every fact or condition which would have justified the Dallas City Council in zoning plaintiff's property in the manner it was zoned; (2) to allege facts showing that the action of the City Council in zoning plaintiff's property was unreasonable at time the ordinance of zoning was adopted; (3) to allege facts showing that there existed no conclusive or even controversial or issuable facts or conditions at the time which would have authorized the Council to zone the property as it was zoned; (4) no allegations of fact to show that the property was not adapted or suitable for residential purposes; and (5) the proceeding was an attempt by plaintiff to substitute the decision of the court or jury for the findings and decision of the City Council without alleging sufficient facts to show that the Council, in zoning plaintiff's property, was actuated by fraud or was thereby arbitrary and unreasonable. This motion (a part of appellee's first amended original answer) was followed by a series of special exceptions, the substance of which was incorporated in aforesaid motion to dismiss.

Material here, appellant's allegations were that he was the owner of eleven vacant and unimproved lots in Block 44— 5845; that appellee had zoned his lots, as well as the adjacent property, for residential purposes; that the City of Dallas follows a rule, when property is taken into the City, of zoning it all for residential purposes only, and this without regard to the facts and conditions necessary to reasonably determine its proper classification for zoning. In other words, the zoning of his property was not the result of a consideration of the facts and conditions surrounding his property, but was placed upon said property without regard to the facts and conditions at the time and ever since; that the zoning for residential purposes was therefore arbitrary, and without regard to the facts and conditions surrounding his and adjacent property so zoned by the City. That by reason of such arbitrary acts on the part of the City plaintiff was required to further petition the defendant for a readjustment so that the property would be properly zoned; also that the act of the City in zoning the property for residential purposes was arbitrary, without substantial relationship to the general welfare, going beyond requirements of public interest, and bearing no substantial relationship to health, safety, morals, and general welfare; on the other hand, imposing unnecessary and unreasonable regulations, viz.: That plaintiff desired to build upon said lot 1 in said block a substantial modern building of brick and steel construction and to use the same as a drugstore; that there is no drugstore in the immediate vicinity, the

nearest one being about three miles from the section; that a drugstore is essential and would greatly promote the health of the community and could not and would not adversely affect the value of adjacent property or the general welfare of any person residing in that vicinity or, in fact, within the entire City of Dallas. That there is a bus stop adjacent or across the street from said lot where persons enter and leave the bus, but there is no place provided for them to wait for said bus and they are, therefore, in and upon said street, subject to injury, and that if the plaintiff is permitted to establish the drugstore they could wait there for the bus and avoid congregating in the street, thus promoting public safety. That on or about the 1st day of January 1948, plaintiff made application to the City Planning Commission, an agency of defendant, to change the zoning on said Lot 1 from residential to local retail; that he desires to build a substantial building on said lot to be used as described to serve the people in that community; that he does not seek to change the zoning on any other of his property, but simply upon said Lot 1 as above stated, for the purposes stated; that said City Planning Commission refused the application and plaintiff again petitioned the Planning Commission, which again refused the petition; that plaintiff appealed to the City Council, which heard and denied the application and petition; and that its action in so doing was arbitrary and not based upon a consideration of the health, safety and welfare of the community. Plaintiff further says that defendant in originally annexing and zoning the property for residential purposes, as hereinbefore alleged, thereby required the owners to make application to the City Council and Planning Board for a change in the zoning statute; that the number of requests places considerable burden upon the Commission, while if the Council in the first instance had made the proper investigation and acted upon the facts with the view of promoting the general welfare, health, morals and safety of the community, the number of applications for change in zoning would be considerably lessened; that due to the great number of requests said Com-

mission does not give proper consideration to petitions for a change, all of which is to the injury and damage of the plaintiff herein. Plaintiff alleges that said Lot 1 is on the corner of Ledbetter and Veterans Drive in the City of Dallas, an ideal location for a retail drugstore, as there is no such business in that vicinity; that it would serve the public interest as hereinbefore stated and be an inducement for the development of other property in the neighborhood, as well as to this plaintiff to build upon some or all of his other lots in said block, thereby increasing the value of the adjacent property owned by others in that neighborhood; but that defendant arbitrarily and without justification or excuse refused to even consider his petition to change the zoning or to examine the plans and specifications of the proposed drugstore, and thereupon arbitrarily denied his petition to rezone said lot. Plaintiff further alleges that said Planning Commission on occasions too numerous to mention, but which are well known to said defendant, has changed residential areas to local retail throughout the City of Dallas when necessity requires, but in this instance they have refused the request of plaintiff.

Major points of appeal (2 and 3) assert error in the following: (1) That the trial court, in sustaining defendant's motion to dismiss, was bound to consider as true the fact allegations of plaintiff's petition, and that said pleading did in fact set forth a good and sufficient cause of action; (2) that in granting said motion to dismiss suit, the court thereby sustained the exceptions of which it consisted. Plaintiff thereupon had the right to amend and the court erred in not affording him an opportunity to do so.

From an analysis of above pleading, the issue presented on appeal is this: Whether an individual, owning unimproved lots in a residential area, may require the City by mandamus to rezone one lot in order to permit such individual to construct a building and operate a business thereon, when his pleadings do not allege facts (as opposed to conclusions) demonstrating that the ordinance in question is unreasonable, arbitrary, or discriminatory, as applied to

the particular property. In this connection and since passage of Rule 90, Texas Rules of Civil Procedure, abolishing the general demurrer, the burden is upon a plaintiff, on leveling of special exceptions, to sustain his pleadings by pointing to specific allegations of fact sufficient to sustain it, as distinguished from the inferences and intendments which were theretofore indulged in its favor. George H. Dentler & Sons v. Fuller's Food Products, Tex.Civ.App., 183 S.W.2d 768; Wedgworth v. City of Fort Worth, Tex.Civ.App., 189 S.W.2d 40; special exceptions constituting no "blind attack," as was in case of the old general demurrer. Stillwell v. City of Fort Worth, 140 Tex. 560, 169 S.W.2d 486.

■ Undoubtedly the exceptions presented in appellee's motion were well taken. "This being a mandamus proceeding, the burden rested upon the party seeking that extraordinary relief to negative, by affirmative allegation and proof, every fact or condition which would have authorized the action of the board of commissioners in refusing to take the action now sought to be forced upon them." King v. Guerra, Tex.Civ.App., 1 S.W.2d 373, 377.

■ The initial zoning of all property in a newly annexed area for residential use was clearly a valid exercise of municipal power. City of Dallas v. Meserole, Tex. Civ.App., 155 S.W.2d 1019. So, also, was the City's continued exclusion of business enterprises from a residential district. Tex.Jur., Ten Year Supp., Zoning, Vol. 10, secs. 9 and 10. It was plaintiff's burden, under the proceedings here, to allege a virtual unsuitability of the particular lot for residential use. City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038; and this, petitioner does not undertake to do, except by inference. Said this Court in City of University Park v. Hoblitzelle, Tex.Civ.App., 150 S.W.2d 169, 171, where a petitioner was seeking to have zoning restrictions declared void as to particular property, " * * * it was incumbent upon the party to allege and prove facts which make the application (ordinance) unreasonable; and if its validity is fairly debatable, courts are not authorized

to substitute their judgment for that of the governing body of the city." Nor is it material that Lot 1 would be of greater value for business use; City of Dallas v. Lively, Tex.Civ.App., 161 S.W.2d 895, (writ ref.); or that the ordinance in its application may lessen the value of property; Luse v. City of Dallas, Tex.Civ.App., 131 S.W.2d 1079 (writ ref.).

■ A further reason why appellant's petition generally fails to state a cause of action is that his prayer calls for "spot zoning," which is ordinarily condemned. Yokley, Zoning and Practice, p. 160; 128 A.L.R. 740; Marshall v. Salt Lake City, 105 Utah 111, 141 P.2d 704, 149 A.L.R. 292; Huebner v. Philadelphia Sav. Fund Soc., 127 Pa.Super. 28, 192 A. 139; Leahy v. Inspector of Buildings, etc., 308 Mass. 124, 31 N.E.2d 436; Page v. City of Portland, 178 Ore. 632, 165 P.2d 280. Not being authorized under the law to "spot zone" appellant's property, no arbitrary action could have been involved in refusal by the City Plan Commission or the Council to approve the rezoning as prayed.

■ Appellant's third point reads: "The court in granting defendant's motion to dismiss this suit thereby sustained the special exceptions of which it consisted. The court erred in not granting plaintiff leave to amend when the exceptions were sustained." Judgment of court recited a hearing of this motion to dismiss, concluding that it should be sustained, " * * * and the plaintiff's petition and cause of action be and the same is hereby dismissed; to which action of the court the plaintiff then and there in open court excepted and gave notice of appeal," etc.

Appellant strenuously argues that above hearing was a kind of summary proceeding in which his cause of action was dismissed without affording him any opportunity to amend until after a dismissal, when too late for proper amendment. The judgment of dismissal is no more susceptible to the inference of a refusal to permit amendment or opportunity to do so, than it is that plaintiff has elected to stand on his pleading. Be this as it may, we do not think the situation at hand (motion to dismiss on

specific grounds) is at all analogous to our former system where the right to amend pleading followed the sustaining of general demurrer as a matter of course; but that here the record should have affirmatively indicated a *request for amendment*, thereby authorizing a review of the court's discretion in its refusal. Even in former times, the sustaining of special exceptions, followed by like action on general demurrer and dismissal, was proper, absent a request to amend the defective pleading. In Stringer v. Robertson, Tex.Civ.App., 140 S.W. 502, 504, this Court held: " * * * defendants appeal and assign as error the court's action in sustaining the general demurrers to the sufficiency of the allegations in their petition for bill of review. The trial court has sustained certain special exceptions to the bill, which exceptions went to the omission of important allegations, and these exceptions having been sustained, a general demurrer to the whole bill was sustained. The special exceptions having been sustained, and relators not having requested leave to amend, there was no error in sustaining the general exception and dismissing the bill."

▉▉▉▉ Furthermore, and along with appellant's assertion that his cause of action was dismissed without opportunity for amendment, it is nowhere evident in the record that the matter was ever called to attention of the trial court. While a motion for a new trial is not a prerequisite to an appeal from a trial to the court, Rule 324, T.R.C.P., yet if the appealing party desires to complain in the trial or appellate court of anything not apparent of record, unless through the filing of a motion for a new trial, then it is essential that such motion be filed. Rule 325 T.R.C.P.; Vol. 8, T.B.J., p. 15. All points of appeal, upon examination, are found without merit; and it is our conclusion that judgment of the trial court must be affirmed.

CRAMER, Justice (dissenting on rehearing).

I find myself unable to agree with the majority on rehearing, being still of the opinion that our original disposition of the appeal, by reversing the judgment below and remanding the cause for new trial, was proper. It should not have been dismissed summarily without leave to amend, as the court did in this instance. The purpose of the new rules is well stated by Circuit Judge Sibley Fifth Circuit, in De Loach et al. v. Crowley's Inc., 1´ F.2d 378, at page 380, as follows: "Under ¹e Rules of Civil Procedure a case consists not in the pleadings but the evidence, for which the pleadings furnish the basis. C. ¸es are generally to be tried on the proofs rather than the pleadings. Demurrers are abolished. A petition may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. But the principle is no longer of force that pleadings will be construed strictly against the pleader. Rule 8(f) [Federal Rules of Civil Procedure, 28 U.S.C.A.] says that 'all pleadings shall be so construed as to do substantial justice.' Just what this means is not clear, but it excludes requiring technical exactness, or the making of refined inferences against the pleader, and requires an effort fairly to understand what he attempts to set forth. Expensive trials of meritless claims are sought to be avoided in the main by pretrial and summary judgment procedures. We think this petition ought not to have been dismissed on motion."

The same reasoning should, and in my opinion does, apply to our Texas Rules, and to this case.

Too, under our Texas practice it is error to dismiss a cause without leave to amend, after the sustaining of a motion to dismiss, or a demurrer. Smith v. Hood, Tex.Civ.App., 143 S.W.2d 646, and cases there cited. The judgment below should have been reversed and remanded.